Public Accountancy — Requirements-Employee-Principal Title 59 O.S. 15.21 [59-15.21] (1968), concerning public accountants is to be read as written; and the distinction between "employee" and "principal" made in subsection (3) of Section 16 is not to be read into subsection (1). The Attorney General acknowledges receipt of your letter wherein you ask, regarding House Bill No. 1216, 31st Legislature, Second Session, 1968, if "the intent of the law in the distinction between `employee' and `principal' in subsection (2) of Section 16 will also apply to those registering under the provisions of subsection (1) of Section 16 ." Section 59 O.S. 16 [59-16] provides, in relevant part: "Any person (a) who is a resident of this state, or has a place of business therein and (b) who has attained the age of twenty-one (21) years, and (c) who is of good moral character and (d) who meets the requirements of either subsection (1), (2), (3) or (4) of this section may register with the Board as a Public Accountant on or before the first day of the thirteenth month following the passage of this Act. "(1) Persons who held themselves out to the public as Public Accountants and who were engaged as such within this State at the effective date of this Act in the practice of public accounting as their principal occupation. "(2) Persons serving in the armed forces of the United States of America at the effective date of this Act who immediately prior to entering such service held themselves out to the public as Public Accountants and were engaged as principals (as distinguished from employees), within this State, in the practice of public accounting as their principal occupation. In the case of any such person, the time for registration shall be extended for a period of twelve (12) months from the time such person is separated from active duty with such service. "(3) Persons engaged for at least two (2) years on the effective date o f this Act in an accounting or auditing position with the government of the United States, this State or a political subdivision of this State for which an examination in accountancy or qualifying experience or education in accountancy is required or necessary. "(4) Persons who on the: effective date of this Act are active in making budgets for counties or active in making budgets or audits for school districts, cities and towns." (Emphasis added) The cardinal rule of statutory construction is to ascertain and give effect to legislative intent. Chapman v. Koenig, 205 Okl. 402,238 P.2d 357. In construing statutes, intention of the legislature, once ascertained, must govern, and to ascertain such intent all provisions of legislative enactment upon a particular subject should be construed together and given effect as a whole. State ex rel. Hampton v. Oakes, Okl., 281 P.2d 749. Determination of legislative intent should ordinarily be by consideration of the language of the statute. State v. Hamilton, Okl., 298 P.2d 1073. The determination must also be based upon a consideration of the natural or absurd consequences of any particular interpretation. Thomas v. State, Okl.Cr., 404 P.2d 71. The province of statutory construction lies wholly within the domain of ambiguities. Rules of construction are to aid in resolving doubts, and not to create them. Ex Parte Higgs, 97 Okl.Cr. 338,263 P.2d 752. Where the language of a statutes clear and unambiguous, the statute must be held to mean what it plainly expresses; and no room is left for construction; and one cannot search for meaning beyond the statute itself. King v. State, Okl.Cr., 270 P.2d 370. Legislative silence, when the legislature had the authority to speak, gives rise to an implication of intent, City of Duncan v. Bingham, Okl., 394 P.2d 456. Where the meaning of a statute is clear on its face, it must be enforced as written. Skelly Oil v. U.S., Okl., 255 F. Supp. 228. Finding no ambiguity on the fact of Section 59 O.S. 16 [59-16] (1961), it is, therefore, the opinion of the Attorney General that House Bill No. 1216, 31st Legislature, Second Session, 1968, is to be read as written, and the distinction between "employee" and "principal" made in subsection (2) of Section 16 is not to be read into subsection (1). (Reid Robison)