Professional Corporation — Engineering — Authorization Under 59 O.S. 475.1 [59-475.1] — 59 O.S. 475.39 [59-475.39] (1968), the requirement of a certificate of authorization is a mandatory condition precedent to corporate practice of engineering in Oklahoma. The Attorney General has had under consideration your letter dated September 19, 1968, wherein you request a formal opinion as to whether corporations engaged in the practice of engineering in Oklahoma are required to be issued a certificate of authorization. Senate Bill 524, Section 21, 31st Oklahoma Legislature, Second Session (1968), provides: "(1) The practice of or offer to practice engineering for others, as defined in Section 2, by individual engineers registered under this Act through a corporation as officers, employees, or agents is permitted, subject to the provisions of this Act; . . . provided, that said corporation has been issued a certificate of authorization by the Board, as hereinafter provided . . . "(2) A Corporation desiring a certificate of authorization shall file with the Board an application . . . ." The cardinal rule of statutory construction is to ascertain and give effect to legislative intent. Chapman v. Koenig, 205 Okl. 402,238 P.2d 357 (1951). In construing statutes, intention of the legislature, once ascertained, must govern, and to ascertain such intent all provisions of legislative enactment upon a particular subject should be construed together and given effect as a whole. State ex rel. Hampton v. Oakes, Okl., 281 P.2d 749 (1955). Determination of legislative intent should ordinarily be by consideration of the language of the statute. State v. Hampton, Okl., 298 P.2d 1073. The determination must also be based upon a consideration of the natural or absurd consequences of any particular interpretation. Thomas v. State, Okl.Cr., 404 P.2d 71 (1965). The province of statutory construction lies wholly within the domain of ambiguities. Rules of construction are to aid in resolving doubts, and not to create them. Ex Parte Higgs,97 Okl. Cr. 338, 263 P.2d 752 (1953). Where the language of a statute is clear and unambiguous, the statute must be held to mean what it plainly expresses; and no room is left for construction; and one cannot search for meaning beyond the statute itself. King v. State, Okl. Cr., 270 P.2d 370
(1954). Where the meaning of a statute is clear on its face, it must be enforced as written. Skelly Oil v. U.S., Okl., 255 F. Supp. 228 (N. D. Okl., 1966). Finding no ambiguity on the face of Senate Bill 524, Section 21, 31st Oklahoma Legislature, Second Session (1968), it is the opinion of the Attorney General that the requirement of a certificate of authorization is a mandatory condition precedent to corporate practice of engineering in Oklahoma. (Reid Robison) ** SEE: OPINION NO. 79-352 (1979) **