## TURVEY v. STATE.

No. A-11577. July 30, 1952.

(247 P. 2d 304.)

Peyton E. Brown and Raymond A. Trapp, Blackwell, for plaintiff in error

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant, Sam Harold Turvey, Jr., was charged by an information filed in the county court of Kay county with the offense of driving an automobile on the public highway while under the influence of intoxicating liquor.  The jury by its verdict fixed his punishment at a fine of $500 and one year imprisonment in the county jail with a recommendation that the jail sentence be suspended.  The court in pronouncing judgment and sentence ignored the verdict of the jury and fixed the sentence at a fine of $500.

The evidence showed that the car driven by defendant collided with an automobile driven by one T. A. Dooley at the intersection of Osage and Ponca streets in Ponca City.  There were three persons in the car with defendant.  No witness testified to seeing the defendant driving the automobile, but defendant admitted to the arresting officers that he was the driver of the car.  Several witnesses testified to defendant's intoxication.

It is first argued that the evidence was insufficient to sustain the conviction for the reason that the information charged that the car being driven by defendant was, "a 1950 model Buick bearing 1950 Oklahoma license number 8-10565", and the proof of the state wholly failed to show that the automobile being driven by the defendant was the one particularly described in the information.

It was unnecessary for the county attorney to describe a particular automobile in the information in order to charge an offense under the statute prohibiting the driving of a car on the public highway while under the influence of intoxicating liquor.  47 O. S. 1951 § 93.  Argo v. State, 88 Okla. Cr. 107, 200 P. 2d 449.

We do not believe that the state's evidence was insufficient by reason of a failure of the witnesses of the state to particularly describe the automobile of the accused.  The state did prove that the defendant was the driver of a 1950 automobile at the time and place described in the information.  One of the state's witnesses testified to having written down the license number but the county attorney neglected to ask her to give the number which was written.  The evidence showed that the car belonged to defendant and was being driven by him.  We think there was sufficient evidence to authorize the court to submit the case to the jury for their consideration and the accused could plead jeopardy if he was again charged with this offense.

It is next argued that the court erred in failing to give defendant's requested instruction on circumstantial evidence.

It is only when the state's case is entirely circumstantial that the court is required to give an instruction on circumstantial evidence. Lincoln v. State, 86 Okla. Cr. 415, 193 P. 2d 618.

After carefully considering the record it is our conclusion that the state's case is not based entirely on circumstantial evidence. The parties who saw the defendant at the time of the collision and immediately thereafter testified as to his intoxication. The defendant told the arresting officers that he was the driver of the automobile. In Overton v. State, 95 Okla. Cr. 127, 243 P. 2d 363, 364, this court held:

"In a prosecution for driving an automobile while under the influence of intoxicating liquor an admission by defendant to officers after his arrest that he was driving one of the automobiles involved in the collision was direct evidence of guilt and not circumstantial."

The next proposition is that the trial court erred in accepting a verdict which was improper in form over the objection of defendant and that the court was without jurisdiction to himself correct the informal verdict or to modify the punishment fixed by the jury in their verdict at the time of sentencing the accused. The jury by its verdict found the defendant guilty and fixed his punishment at, "Five hundred dollars fine and one year in county jail. The jail term, we recommend be a suspended sentence." The defendant objected and excepted to the form and substance of the verdict but was overruled. Later, after the motion for new trial was overruled, the court refused to pronounce sentence in accordance with the verdict of the jury and sentenced the accused to pay a fine of $500. No sentence to county jail was pronounced.

The state concedes in its brief that the court's judgment must conform with the verdict of the jury. Bean v. State, 77 Okla. Cr. 73, 138 P. 2d 563. The trial court was without authority to suspend a part of the sentence only. State v. Smith, 83 Okla. Cr. 188, 174 P. 2d 932. Ordinarily, the jury's recommendation for a suspended sentence is treated as surplusage and does not invalidate the verdict. Cole v. State, 70 Okla. Cr. 109, 104 P. 2d 981; Presnell v. State, 71 Okla. Cr. 162, 109 P. 2d 834, 835. In the latter case, Presnell v. State, it was held:

"Where the jury returns a verdict of guilty and endorses on the verdict, 'We recommend a suspended sentence,' such recommendation is not a part of the verdict, and is a matter addressed to the sound judicial discretion of the trial judge as to whether he should follow the recommendation of the jury."

The Attorney General asked this court to affirm the conviction and remand the case to the trial court for the rendition of a judgment in conformity with the verdict of the jury. We do not feel that such would be proper in this case because it is evident that the trial court felt that one year in the county jail and a $500 fine was excessive. One of the grounds for a new trial urged by defendant's counsel was the alleged excessiveness of the punishment. The court did not approve the verdict of the jury and sought to correct its excessiveness by modifying the punishment fixed by the jury. We feel that the trial court would have sustained the motion for new trial if he had known that he was legally unable to reduce the punishment fixed by the jury in their verdict, and for that reason we do not feel that it would be proper and in accordance with the ends of justice to remand the case for the purpose of having judgment pronounced in conformity with the verdict of the jury.

There are other assignments of error which we do not consider meritorious. The court should not admit evidence of defendant's intoxication where such tests

were given over objection of accused. Apodaca v. State, 140 Tex. Cr. R. 593, 146 S. W. 2d 381. But there was no evidence in this record to show any involuntariness on the part of the accused in the tests that were given, such as walking a line in the police station and placing his finger to his nose. Furthermore, there was abundant evidence outside of the tests to support the state's theory of his intoxication and we would not reverse the case on the ground that the result of these tests was inadmissible as having been forcibly given in violation of the constitutional rights of the accused.

The judgment and sentence of the county court of Kay county is reversed and remanded for a new trial.

BRETT, P. J., and POWELL, J., concur.