**Harold Lee McDANIELS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–397.**

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., William Thiebaut, Jr., Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Harold Lee McDaniels, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–72–2811, for the offense of Sale of a Controlled Dangerous Substance, Cocaine. His punishment was fixed at a term of twenty (20) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Wesley D. Perry testified that he was a baker by trade and worked on the side as a police narcotics informer. Two or three days prior to November 22, 1972, he met the defendant and at defendant's request, agreed to meet him at 10:00 p. m. on November 22, 1972, at the Fat Cat Lounge to purchase narcotics. Perry informed Officers Lovett and Cochran, of the Oklahoma City Police Department, of the meeting. Perry and his automobile were searched by the officers and he was provided with a $20 and a $5 bill, both marked to purchase the narcotics. He then drove to the Fat Cat Lounge followed by the two police officers and entered the bar with the police officers following. He sat down in a booth with the defendant and after some conversation, the defendant asked if he had the money. Perry passed the $25 to the defendant and received a little packet from the defendant which he placed in his right front pocket. They then left the bar and went to their respective vehicles. Perry reported to the officers what had happened and turned the packet over to Officer Cochran. The defendant was thereafter arrested.

Detective Danny Cochran testified he was employed by the Oklahoma City Police Department on November 22, 1972, and that he and Officer Lovett had worked with Perry for approximately one year. On this date they met Perry at the police station, searched him and his car, gave him $25, and followed him to the Fat Cat Lounge. They followed him inside and sat at the bar while defendant talked with Per-

**694**

ry in a booth. Officer Cochran observed the defendant hand something to Perry which he put in his right front pocket. As the defendant and Perry left the bar, the officers followed and received the packet from Perry and arrested the defendant.

Police Officer David Mercer and Police Officer Bennie Lovett, both employed by the Oklahoma City Police Department, testified to substantially the same facts as that of Officer Cochran.

Police Officer Jerry Legg, of the Oklahoma City Police Department, next testified in regard to the chain of custody of the packet.

Ronald Wayne Clodfelter testified that he was employed by the Oklahoma State Bureau of Investigation as a chemist and he performed a number of tests on the contents of the packet given him by Officer Jerry Legg. In Clodfelter's opinion the substance was cocaine.

The defendant did not take the stand nor offer any evidence in his behalf.

■ The defendant's first proposition of error asserts that the verdict is not sustained by sufficient evidence. This Court has consistently held that it is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict. See Jackson v. State, Okl.Cr., 494 P.2d 358 (1972).

■ The defendant's second proposition of error asserts that the punishment is excessive. This Court has repeatedly held in numerous decisions that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and this Court does not have the power to modify a sentence unless we can conscientiously say that in all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. See Johnson v. State, Okl.Cr., 386 P.2d 336 (1963). In the instant case we cannot say the sentence imposed shocks the conscience of this Court. We are therefore of the opinion that the punishment imposed is not excessive.

 The defendant's third proposition of error asserts that the trial court erred in refusing to instruct on circumstantial evidence. We have carefully reviewed the record in the instant case and it is our opinion that the State's case was not based entirely on circumstantial evidence. This Court in the case of Turvey v. State, 95 Okl.Cr. 418, 247 P.2d 304 (1952) held in Syllabus 5:

"It is only when the state's case is entirely circumstantial that the court is required to give an instruction on circumstantial evidence."

It is therefore our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., and BRETT, J., concur.