Kenneth Ray COOK, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–728.

Court of Criminal Appeals of Oklahoma.

July 30, 1985.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

The appellant, Kenneth Ray Cook, was tried by jury for the crime of Murder in the First Degree in violation of 21 O.S.1981, § 701.7 in the District Court of Woodward County, Case No. CRF–83–15. The jury returned a verdict of guilty on the lesser included offense of First Degree Manslaughter pursuant to 21 O.S.1981, § 711, and set punishment at forty (40) years' imprisonment. The trial court sentenced the appellant accordingly, and it is from

this judgment and sentence that he now appeals.

The facts of this case can be summarized as follows. On December 12, 1982, at approximately 1:30 a.m., Park Ranger Michael Diggs, who lived near Fort Supply Lake, was awakened by appellant. The appellant informed him that there had been a drowning at the gate tower on the lake. The body of Wilma Mae Guerin, appellant's wife, was found at the scene.

The State elicited testimony that on November 4, 1982, a life insurance policy had been taken out on the appellant and his wife which had an accidental death provision allowing fifty thousand dollars in the event of an accidental death.

The State further produced testimony that the decedent was not dressed for a cold weather fishing trip, which the appellant asserted was the reason why they were at the lake. In fact, decedent was wearing a double knit slacks suit, a lightweight jacket and high heeled shoes at the time of her drowning. The State's theory was that the victim was thrown over a four foot chain link fence into the lake, whereupon she drowned. The appellant's son testified that the appellant admitted killing the victim because he thought she was having affairs with other men, and also because he wanted to collect on the insurance policy. The State also elicited testimony that the appellant had tried and failed to drown the victim on a previous fishing trip.

### I.

In his first assignment of error, the appellant alleges that the State failed to prove the corpus delicti by substantial evidence independent of appellant's confession to his son.

■ Of course, it is well established that the corpus delicti need not be established beyond a reasonable doubt, but it is sufficient if the evidence thereon is substantial. *Smith v. State*, 659 P.2d 330 (Okl.Cr.1983), remanded on other grounds, —— U.S. ——, 104 S.Ct. 324, 78 L.Ed.2d 297

(1984). In fact, this Court has held that "corroborative evidence need not, independent of a confession, be sufficient to establish the corpus delicti beyond a reasonable doubt." *Id.* 104 S.Ct. at 333. It is also clear that once there is substantial evidence established of the corpus delicti, a defendant's confession is admissible, if, when taken together, they "provide a basis for a finding of both the corpus delicti and the defendant's guilt beyond a reasonable doubt." *Id.*

■ A review of the record in this case clearly established that there was substantial evidence upon which to find the existence of the corpus delicti. The state presented ample evidence independent of a confession that indicated defendant's guilt. Some of this evidence was based upon the time of the incident, the condition of the body, the clothing, the fact that the victim was wearing high heeled shoes, and the time of night. It was also based on appellant's previous attempt to take the victim's life by drowning, and, of course, the new insurance policy, all of which tend to provide evidence, albeit circumstantial evidence, to establish the corpus delicti by substantial evidence other than appellant's confession to his son.

Based upon a review of the record and the evidence adduced at trial, we find the State did establish by substantial evidence the corpus delicti of the case. We therefore find this proposition to be without merit.

### II.

■ In his second proposition of error, appellant alleges that the trial court erred in failing to grant a mistrial after the court read three versions of a jury instruction, finally giving an instruction which omitted a key evidentiary clause from the standard instruction. It is clear there was a problem with the reading of one of the court's instructions to the jury, and that the appellant's trial counsel requested the judge reread the instruction to the jury. However, appellant has failed to demonstrate that he was prejudiced by the court's clarification

attempts. *Mills v. State*, 594 P.2d 374 (Okl.Cr.1979). A review of the instructions reveals the trial court did adequately instruct the jury on impeachment evidence, and, taken in light of all the instructions given by the court, including an admonition with regard to the instruction in question, it is clear that the jury was fairly and adequately instructed on the law applicable to the case. We therefore find this proposition to be without merit.

### III.

In his third proposition of error, appellant asserts that the evidence of the appellant's prior conduct and actions was improperly introduced as this evidence was remote, lacked probative value and resulted in extreme prejudice to the accused.

 The events complained of were an occasion in 1982 where the appellant put a knife to Ron Thirty's throat because he felt that Mr. Thirty was "fooling around" with the decedent, and an instance in 1980 when the appellant struck the decedent. Appellant argues that the evidence is too remote in time to be allowed into evidence under the motive, premeditation, or absence of accident exception to the evidence of other crimes rule. Appellant also asserts that the evidence was not properly linked to the present charge. It is clear that this evidence was properly admitted to show motive under the exceptions to the evidence of other crimes prohibition. The State's theory of the case was that not only did appellant kill the victim for the insurance proceeds, but also because he suspected her of having affairs with other men. The evidence was admissible under those exceptions dealing with motive and intent that were highly probative. *See Taylor v. State*, 640 P.2d 554 (Okl.Cr.1982); and *Frye v. State*, 606 P.2d 599 (Okl.Cr.1980.) We therefore find this proposition to be without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the District Court is AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., concurs in results.