2007 OK CR 3

**The STATE of Oklahoma, Petitioner**

**v.**

**The DISTRICT COURT OF OKLAHOMA COUNTY, The Honorable D. Fred Doak, Special Judge, Respondent.**

**No. PR–2006–1305.**

Court of Criminal Appeals of Oklahoma.

Feb. 20, 2007.

---

***ORDER DENYING REQUEST FOR ORAL ARGUMENT, DENYING REQUEST FOR WRIT OF PROHIBITION AND LIFTING STAY OF PROCEEDINGS***

¶ 1 On December 19, 2006, Petitioner, the State of Oklahoma, by and through Assistant District Attorney, Patrick M. Garrison, Oklahoma County, filed a Petition for Writ of Prohibition in Case No. CF–2006–5046 in the District Court of Oklahoma County. The State requests this Court issue a Writ of Prohibition preventing the District Court of Oklahoma County, the Honorable D. Fred Doak, Special Judge from "proceeding with the consideration of Youthful Offender Study in the subject case." Petitioner's Application for Writ of Prohibition is **DENIED.**

¶ 2 On July 15, 2006, Dawan Gillbreath was shot and killed. On August 3, 2006, the State filed First Degree Murder charges against defendants Earnest Martel Ogles, 17, Cordarell M. Ogles, 16 and Cornelius Montrell Ogles, 15. On August 7, 2006, the Oklahoma Public Defender filed Motions for Certification as a Juvenile and Motions for Certification as a Youthful Offender on behalf of each defendant. On August 10, 2006, Judge Doak set the matter for preliminary hearing (October 20, 2006) and ordered the Office of Juvenile Affairs (O.J.A.) to prepare a certification study on each defendant.

¶ 3 On September 18, 2006, the State, in conjunction with O.J.A., filed a Motion to Reconsider, seeking reconsideration of Judge Doak's original order granting the request for a certification study. The State and O.J.A.

alleged that in light of Senate Enrolled Bill 1760 (Amendments to 10 O.S. §§ 7306–2.2 and 7306–2.5) signed into law on June 17, 2006, effective July 1, 2006, the defendants were no longer entitled to seek certification as either juveniles or youthful offenders. The applicable statutory amendment eliminated the provision allowing persons over the age of 14 charged with First Degree Murder to seek Youthful Offender status. *See*, Senate Enrolled Bill 1760, Amendments to 10 O.S. §§ 7306–2.2 and 7306–2.5. The amendment required that individuals aged 15, 16 and 17 charged with First Degree Murder be tried as adults.

¶4 On November 22, 2006, Judge Doak denied the motion, finding that Senate Enrolled Bill 1765, Amendments to 10 O.S. §§ 7306–2.2 and 7306–2.5, also signed into law on June 17, 2006 (two minutes after the signing of Senate Enrolled Bill 1760) retained the provision allowing persons aged 13 through 17 charged with First Degree Murder to seek certification as a youthful offender. The District Court noted that the statutes appeared to be contradictory, and directed that certification studies be conducted on all three defendants until the matter could be further clarified by this Court. Judge Doak directed O.J.A. to report to him concerning the status of the certification studies on December 20, 2006.

¶5 The State argues that the amended statute clearly excludes the defendants from the class of individuals allowed to seek Youthful Offender certification and requests this Court reverse the District Court's directive ordering that certification studies be conducted.

¶6 On December 20, 2006, this Court issued an order directing the respondent, the Honorable D. Fred Doak, Special Judge, or his designated representative, to file a response to Petitioner's application. The Respondent was directed to address Petitioner's claim that the defendants are not entitled to seek certification as Youthful Offenders in light of the Senate Enrolled Bill 1760 amendments to 10 O.S. §§ 7306–2.2 and 7306–2.5.

The response was filed January 17, 2007. We now address Petitioner's application for extraordinary relief.

¶7 Although the two amendments to 10 O.S. §§ 7306–2.2 and 7306–2.5 signed into law contain conflicting provisions, the State argues rules of statutory construction require that the amendments be construed together, instead of finding that one statute repeals the other.[1] While the latest enactment of a statute will generally prevail, the State argues that in construing statutes passed in the same session of the Legislature, and at nearly the same time, there is a strong presumption against implied repeals.[2]

¶8 The State claims the amended provisions of 10 O.S. §§ 7306–2.2 and 7606–2.5 do not conflict. Rather, it argues that the two amendments change separate provisions of the same statute, and in no way indicate that the enactment of the second amendment was meant to nullify the provision in the first amendment changing the age of Youthful Offender status for individuals charged with First Degree Murder. If the second statutory amendment does not nullify the change made by the first statutory amendment, then the defendants charged with First Degree Murder in Case No. CF–2006–5046 are not eligible to seek Youthful Offender Status, and the District Court's order that a Youthful Offender certification study be conducted should be prohibited.

¶9 The response to the State's application was filed by the Oklahoma County Public Defender's office (counsel for defendants Earnest Ogles and Cornelius Ogles) and Scott Adams (counsel for defendant Cordarell Ogles), on behalf of the Respondent. In addition to responding to the application, counsel requested that this matter be set for oral argument. The request for oral argument is **DENIED.**

¶10 Respondents argue that Senate Bill 1760 and 1765 are in direct conflict with each other, and cannot be reconciled. Because Senate Bill 1765 was passed by the Legisla-

1. *Hunter v. City of Shawnee*, 1916 OK 34, ¶3, 154 P. 545, 546.

2. *Tubbs v. Teachers' Retirement System of Oklahoma*, 2002 OK 79, ¶15, fn. 10, 57 P.3d 571, 577, fn. 10.

ture and signed into law by the Governor after Senate Bill 1760, the provisions in Senate Bill 1765 are controlling, and constitute current law. Under the provisions of Senate Bill 1765, the defendants are still entitled to seek certification as Youthful Offenders.

¶ 11 Respondents further claim that pursuant to Oklahoma law, when two statutes affecting or amending the same provisions of any code, title, chapter or article are in conflict, the provisions of latter amendment prevail as to all matters and questions arising because of that conflicting language. *See,* 75 O.S. § 22.[3] Because Senate Bill 1765 was enacted after Senate Bill 1760, and the two contain conflicting provisions, Senate Bill 1765 controls, as it was the most recently enacted. Finally, Respondents contend that the courts are required to give deference to the Legislature's actions, construing statutory enactments based upon the presumption that the Legislature has not created an absurdity or done a vain or useless act. In applying rules of statutory construction to criminal matters, Respondents argue that criminal statutes must be strictly construed, and cannot be enlarged by implication beyond the fair meaning of the language used by the Legislature. The Legislature's intent can and should be ascertained from the plain language of latest statute passed addressing the matter.

¶ 12 For a writ of prohibition, Petitioners must establish (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2007). We find that Petitioners have not met this burden, and the request for a Writ of Prohibition is therefore **DENIED.**

¶ 13 The statutory amendments which precipitated the filing of this writ are Senate Bill 1760 and Senate Bill 1765, both signed into law June 17, 2006, both having effective dates of July 1, 2006.[4] The text of Senate Bill 1760 reads as follows (in pertinent part) at § 7306–2.2:

A. For the purposes of the Youthful Offender Act:

1. "Youthful offender" means a person:

a. thirteen (13) or fourteen (14) years of age who is charged with murder in the first degree and certified as a youthful offender as provided by Section 7306–2.5 of this title, . . .

and at § 7306–2.5:

A. Any person thirteen (13) or fourteen (14) years of age who is charged with murder in the first degree shall be held accountable for his or her act as if the person was an adult; provided, the person may be certified as a youthful offender or a juvenile as provided by this section, unless the person is subject to the provisions of subsection F of Section 7306–2.4 of this title.

B. Any person fifteen (15), sixteen (16) or seventeen (17) years of age who is charged with murder in the first degree at that time shall be held accountable for his or her act as if the person was an adult and shall not be subject to the provisions of the Youthful Offender Act or the provisions of the Juvenile Code for certification as a juvenile. The person shall have all the statutory rights and protections of an adult accused of a crime. All proceedings shall be as for a criminal action and the provisions of Title 22 of the Oklahoma Statutes shall apply. A person having been convicted as an adult pursuant to this paragraph shall be tried as an adult for every subsequent offense.

---

**3.** 75 O.S. § 22, titled "Conflicting Provisions" reads as follows:

If the provisions of any code, title, chapter or article conflict with or contravene the provisions of any former code, title, chapter or article, the provisions of the latter code, title, chapter or article must prevail as to all matter and questions arising thereunder out of the same subject matter.

**4.** As noted by Respondents, the Legislature, in its most recent term, passed four Bills affecting the Youthful Offender Act: Senate Bills 1756, 1760, 1765 and 1799. These Bills created three (3) new sections of the Youthful Offender Act and amended twelve (12) others.

The text of Senate Bill 1765 reads as follows (in pertinent part) at § 7306–2.2:

A. For the purposes of the Youthful Offender Act:

1. "Youthful offender" means a person:

a. thirteen (13), fourteen (14), fifteen (15), sixteen (16) or seventeen (17) years of age who is charged with murder in the first degree and certified as a youthful offender as provided by Section 7306–2.5 of this title, ...

and at § 7306–2.5:

A. Any person thirteen (13), fourteen (14), fifteen (15), sixteen (16) or seventeen (17) years of age who is charged with murder in the first degree shall be held accountable for the act as if the person were an adult; provided, the person may be certified as a youthful offender or a juvenile as provided by this section, unless the person is subject to the provisions of subsection F of Section 7306–2.4 of this title.

¶ 14 There is no dispute here that the Legislature passed, and the Governor signed into law, two amendments to the same statute that contained contradictory language. The question to be answered here is whether that language can be reconciled so as to give effect to both provisions. We find that it cannot.

¶ 15 The State argues that "with one minor exception relating to gender neutral language, the amended provisions of Okla. Stat. tit. 10 §§ 7306–2.2 and 7306–2.5 of the Oklahoma Youthful Offender Act do not conflict." We find it more than a "minor exception" that the first amendment (Senate Bill 1760) eliminates the Youthful Offender certification procedure and status for all 15, 16 and 17 year olds charged with First Degree Murder and the second amendment (Senate Bill 1765) reinstates it. There is no doubt that the language of the two amendments is conflicting. Petitioner's solution is to have this Court "reconcile" these conflicting and irreconcilable provisions by finding that the enactment of Senate Bill 1765 was not meant to either amend or delete the corresponding paragraph enacted through the passage of Senate Bill 1760. Petitioner suggests that since there was nothing in Senate Bill 1765 indicating the Legislature intended to amend or delete the corresponding contradictory paragraph contained in Senate Bill 1760, this Court should give effect to a statutory amendment that was, in effect, repealed by the enactment of a second statutory amendment signed only two minutes later.

¶ 16 The State's argument is misplaced. The passage of two conflicting and irreconcilable statutory amendments, enacted in the same legislative session, signed only minutes apart, presents a dilemma. However, it is not one this Court can resolve by guessing what the Legislature intended by the passage of the conflicting amendments, or what the Governor intended by signing the same. Whether the passage and signing of the conflicting statutes was by design, or was the result of some mistake or oversight, the resolution of the matter, in this particular case of statutory construction, is the same. The reason for the passage of the conflicting statutory amendments is not relevant here.

[1–4] ¶ 17 This Court will not presume the Legislature to have done a vain thing. We are mindful that elementary rules of statutory interpretation require us to avoid any statutory construction which would render any part of a statute superfluous or useless. *See, Vilandre v. State,* 2005 OK CR 9, ¶ 5, 113 P.3d 893, 896; *Byrd v. Caswell,* 2001 OK CR 29, ¶ 6, 34 P.3d 647, 648–649. This Court also recognizes the validity of the State's argument that, where possible, statutory amendments should be construed together, and that there is a strong presumption against implied repeals of statutory amendments passed in the same Legislative session. However, where the statutory language of the amendments conflicts so as to make reconciliation of the conflicting amendments unfeasible, application of the State's cited rules of statutory construction becomes impossible.

¶ 18 Instead, we look to Oklahoma law which provides a remedy for interpreting conflicting statutes where the statutory language of the statutes cannot be reconciled. The latter statute controls. *See,* 75 O.S. § 22. The general rule of statutory con-

struction is that the later-enacted legislation controls over the earlier-enacted provisions. We find that in the case of an irreconcilable conflict in statutory language, the later enacted statute modifies the earlier statute, even where both statutory amendments were enacted in the same Legislative session. *See, Taylor v. State,* 1982 OK CR 8, ¶ 5, 640 P.2d 554, 556; *City of Sand Springs v. Dep't of Pub. Welfare,* 1980 OK 36, ¶ 28, 608 P.2d 1139, 1151; *Pickett v. Okla. Dep't of Human Serv.,* 1996 OK CIV APP 142, ¶ 6, 932 P.2d 543, 545 (1996); 2006 OK AG 3, ¶¶ 6–8.

¶ 19 In this case, the provisions of Senate Bill 1760 and 1765 cannot be reconciled to give effect to both. One allows individuals aged 15, 16 and 17 charged with First Degree Murder to seek Youthful Offender certification; the other does not. Senate Bill 1765 was signed into law after Senate Bill, 1760, and therefore is the controlling statute. The amendment is clear, precise and understandable and is the best evidence this Court has as to what the Legislature intended. Amendment 1765 replaces, in its entirety, the language contained in the amendment 1760, covering the entire subject matter of the statutory provision clarifying which individuals charged with First Degree Murder are eligible for Youthful Offender certification and status. Amendment 1765 supersedes and modifies amendment 1760 to the extent the language in the two amendments conflicts. In this instance, the statutory amendment found in Senate Bill 1765 impliedly repealed the statutory amendment signed into law just two minutes earlier in Senate Bill 1760.

¶ 20 The Petitioner's request for extraordinary relief is **DENIED.** The Stay of Proceedings in this matter is hereby **LIFTED.**

¶ 21 Issuance of this order concludes proceedings before this Court. The Clerk of this Court is directed to transmit a copy of this order to the Respondent, the Honorable D. Fred Doak, Special Judge, Petitioner, the State of Oklahoma, the Oklahoma County District Attorney, the Court Clerk of Oklahoma County, the Office of Juvenile Affairs, the Oklahoma County Public Defender, and counsel of record.

¶ 22 **IT IS SO ORDERED.**

¶ 23 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 20th day of February, 2007.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

/s/ David B. Lewis
DAVID B. LEWIS, Judge