2016 OK CR 16

**Kenneth Ray FRIDAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. RE–2015–93**

Court of Criminal Appeals of Oklahoma.

Decided: 08/03/2016

APPEARANCES IN DISTRICT COURT, Steven Vincent, Attorney at Law, P.O. Box 701765, Tulsa, OK 74170, Counsel for Appellant.

Julianne Burton, Assistant District Attorney, Tulsa County District Attorney's Office, 500 S. Denver Ave., Room 900, Tulsa, OK 74103, Counsel for the State.

APPEARANCES ON APPEAL, Kimberly D. Heinze, Appellate Defense Counsel, P.O. Box 926, Norman, OK 73070, Counsel for Appellant.

E. Scott Pruitt, Attorney General of Oklahoma, Jennifer J. Dickson, Assistant Attorney General, 313 N.E. 21st Street, Oklahoma City, OK 73105, Counsel for the State.

## OPINION

LEWIS, JUDGE:

¶1 The Appellant, Kenneth Ray Friday, appeals from an order entered by the Honorable Deborrah Ludi Leitch, Special Judge, revoking Appellant's three year suspended sentence in Case No. CF–2011–3968 in the District Court of Tulsa County. On July 11, 2013, Appellant entered a plea of guilty to Uttering a Forged Instrument, after former conviction of two or more felonies. He was convicted and sentenced to a term of five years, with the last three years suspended and the sentence to include a term of post-imprisonment supervision for a period of not less than nine months nor more than one year following confinement.

¶2 On August 4, 2014, the State filed an application to revoke Appellant's suspended sentence alleging he violated probation by committing the crimes of Domestic Assault and Battery; Interference With Emergency Telephone Call; and Public Intoxication, as charged in Tulsa County District Court Case No. CM–2014–1937. On January 6, 2015, the revocation hearing was held before Judge Leitch. After hearing the evidence and arguments, Judge Leitch found Appellant violated probation as alleged and revoked the entire three year term of his suspended sentence, with credit for time served and earned. The written Order Revoking Suspended Sentence revoked Appellant's suspended sentence to a term of three years in the Department of Corrections with credit for time served and earned, and ordered that upon release from such confinement Appellant shall serve a term of post-imprisonment supervision of not less than nine (9) months nor more than one (1) year.

¶3 Appellant asserts one proposition of error in this appeal:

### PROPOSITION I:

**THE WRITTEN REVOCATION ORDER IMPOSED A SECOND NINE–MONTH TO ONE–YEAR TERM OF POST–IMPRISONMENT SUPERVISION THAT ILLEGALLY EXTENDED THE ORIGINAL SENTENCE AND THE COURT'S ORAL ORDER AND EXCEEDED THE MAXIMUM SUPERVISION ALLOWED BY LAW.**

■ ¶4 This case is simply a matter of how the Post–Imprisonment Supervision statute is written and how it must be read. 22 O.S.Supp.2012, § 991a–21; *see e.g. King v. State*, 2008 OK CR 13, ¶7, 182 P.3d 842, 844 (in interpreting statutory provisions, we should be guided by the text of the statute). Appellant makes several arguments that the District Court erred by ordering him to serve, pursuant to Section 991a–21, a term of

post-imprisonment supervision of not less than nine (9) months nor more than one (1) year after the end of his three year revoked suspended sentence. We find merit with Appellant's argument that Section 991a–21 does not authorize post-imprisonment supervision to be imposed at the time an order revoking a suspended sentence is entered.

¶ 5 Subsection A of Section 991a–21 provides in part:

A. For persons convicted and sentenced on or after November 1, 2012, the court shall include in the sentence of any person who is convicted of a felony and sentenced to a term of confinement with the Department of Corrections, as provided in Section 991a of Title 22 of the Oklahoma Statutes or any other provision of the Oklahoma Statutes, a term of post-imprisonment supervision.

22 O.S.Supp.2012, § 991a–21(A). Section 991a–21(A) specifically states that it applies to persons "convicted" and "sentenced." The express terms of Section 991a–21(A) also provide that a court is only allowed to include a term of post-imprisonment supervision "in the sentence of a person who is convicted of a felony and sentenced to a term of confinement." An order revoking a suspended sentence is not a conviction or sentence, but is instead the revocation of a condition placed upon the execution of a sentence. *E.g. Hemphill v. State*, 1998 OK CR 7, ¶ 6, 954 P.2d 148, 150; *see also Degraffenreid v. State*, 1979 OK CR 88, ¶ 13, 599 P.2d 1107, 1110 ("A revocation hearing is not a new trial of the charge for which the probationer was originally convicted.... There is one judgment of guilt and one sentence, and they have already been imposed."). Moreover, Section 991a–21(A) does not state that it applies when a suspended sentence is revoked.

¶ 6 If the Oklahoma Legislature had intended for post-imprisonment supervision to be applied after confinement for the revocation of a suspended sentence, such language could have easily been included in Section 991a–21, but was not. We find that, before a defendant's revoked suspended sentence can be extended by nine months to one year of post-imprisonment supervision, the Oklahoma Legislature must specifically provide in Section 991a–21(A) that it applies to orders revoking a suspended sentence. The District Court order revoking Appellant's suspended sentence should not have included a term of post-imprisonment supervision. *See e.g. Robertson v. State*, 1995 OK CR 6, ¶ 8, 888 P.2d 1023, 1025 (sentencing that is not within the statutorily prescribed range of punishment is void).

## DECISION

¶ 7 The order of the District Court of Tulsa County revoking Appellant's three year suspended sentence in Case No. CF–2011–3968 is **AFFIRMED**, but the matter is **REMANDED** to the District Court with instructions to modify the revocation order by eliminating the provision ordering Appellant to serve a term of post-imprisonment supervision of not less than nine months nor more than one year upon release from such confinement.

¶ 8 Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016), the **MANDATE** is **ORDERED** issued upon the filing of this decision.

SMITH, P.J.: Concurs

LUMPKIN, V.P.J.: Concurs

JOHNSON, J.: Concurs

HUDSON, J.: Concurs