OSCN Found Document:WELLS v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 WELLS v. STATE
2016 OK CR 28
Case Number: RE-2015-0575
Decided: 12/20/2016
DARREN LEE WELLS, Appellant, v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2016 OK CR 28, __ __

 

 

SUMMARY OPINION

LUMPKIN, VICE PRESIDING JUDGE:

¶1 Appellant, Darren Lee Wells, entered a plea of no contest on August 7, 2013, in Oklahoma County District Court Case No. CF-2012-1322, to one count, Count 3, of Making Lewd or Indecent Proposal to Minor Under Sixteen in violation of 21 O.S.2011, § 1123(A).[1] He was sentenced to a term of five years with all but the first thirty days suspended, with rules and conditions of probation.

¶2 The State filed an application to revoke Appellant's suspended sentence on November 18, 2014, alleging Appellant: (1) committed the new crime of Count 1 - Assault and Battery with a Dangerous Weapon and Count 2 - Malicious Destruction of Property, as alleged in Logan County District Court Case No. CF-2014-268; (2) failed to attend sex offender treatment; and (3) failed to take polygraph exam as required by the Sex Offender Registration Act. The State filed an amended application to revoke on January 21, 2015, alleging, in addition to the above, that Appellant: (4) committed the new crime of Count 1 - Sex Offender Residing with Minor Child, as alleged in Garfield County District Court Case No. CF-2015-12. A Second Amended Application to Revoke was filed on February 27, 2015, alleging Appellant also: (5) committed the new crime of Count 1 - Operating a Motor Vehicle While Under the Influence of Alcohol, as alleged in Logan County District Court Case No. CM-2015-89.

¶3 Following a revocation hearing held on March 3, 2015, April 14, 2015, April 27, 2015, and concluded on June 12, 2015, before the Honorable Glenn M. Jones, District Judge, Appellant's suspended sentence was revoked in full, four years and 335 days, with credit for time served. The trial court also ordered three years post-imprisonment community supervision. Appellant appeals from the revocation of his suspended sentence raising the sole proposition of error that the trial court lacked authority to impose post-imprisonment supervision at the time of the revocation of Appellant's suspended sentence.

¶4 Appellant states that when he was sentenced on August 7, 2013, no period of post-imprisonment supervision was ordered under 22 O.S.2011, § 991a(A)(1)(f) or 22 O.S.Supp.2012, § 991a-21(A). He argues that while the District Court had the power and authority to revoke all or part of the original sentence up until the expiration of its original term, a suspended sentence may not be lengthened beyond the term of the original sentence by intervening revocation orders occurring within the original term of the sentence. The State improvidently concedes error. See Turvey v. State, 1952 OK CR 98, 247 P.2d 304, 307 (disregarding State's concession of error because result would neither be proper nor in accordance with ends of justice). We find that the District Court did not abuse its discretion when it ordered post-imprisonment supervision at the revocation hearing. Tilden v. State, 2013 OK CR 10, ¶ 10, 306 P.3d 554, 557 ("The standard of review applied to revocation proceedings is abuse of discretion.").

¶5 The Oklahoma Legislature has passed numerous provisions regarding post-imprisonment supervision.[2] These competing provisions have created confusion in the district courts and to some degree in this Court. We must reconcile the competing statutes and give clear rules for the district courts to apply.

¶6 The rules of statutory construction are well settled. State ex rel. Mashburn v. Stice, 2012 OK CR 14, ¶ 11, 288 P.3d 247, 250.

Statutes are to be construed to determine the intent of the Legislature, reconciling provisions, rendering them consistent and giving intelligent effect to each. Lozoya v. State, 1996 OK CR 55, ¶ 17, 932 P.2d 22, 28; State v. Ramsey, 1993 OK CR 54, ¶ 7, 868 P.2d 709, 711. It is also well established that statutes are to be construed according to the plain and ordinary meaning of their language. Wallace v. State, 1997 OK CR 18, ¶ 4, 935 P.2d 366, 369-370; Virgin v. State, 1990 OK CR 27, ¶ 7, 792 P.2d 1186, 1188.

Id., quoting State v. Young, 1999 OK CR 14, ¶ 27, 989 P.2d 949, 955. Each part of the various statutes must be given intelligent effect. Id. This Court avoids any statutory construction which would render any part of a statute superfluous or useless. Id.; State v. Doak, 2007 OK CR 3, ¶ 17, 154 P.3d 84, 87. In the case of an irreconcilable conflict in statutory language, this Court recognizes that the later-enacted legislation controls over the earlier-enacted provisions. Doak, 2007 OK CR 3, ¶ 18, 154 P.3d at 87.

¶7 A brief history of the statutory enactments regarding post-imprisonment supervision illustrates the problems that the district courts are encountering. In 2006, the Legislature first authorized post-imprisonment supervision when it amended Section 991a(A) of Title 22, the statute providing for the suspension of a sentence in whole or in part. 2006 OKLA. SESS. LAWS CH. 294, § 1. Section 991a(A)(1)(f) reads:

A. Except as otherwise provided in the Elderly and Incapacitated Victim's Protection Program, when a defendant is convicted of a crime and no death sentence is imposed, the court shall either:

1. Suspend the execution of sentence in whole or in part, with or without probation. The court, in addition, may order the convicted defendant at the time of sentencing or at any time during the suspended sentence to do one or more of the following:

* * *

f. to confinement as provided by law together with a term of post-imprisonment community supervision for not less than three (3) years of the total term allowed by law for imprisonment, with or without restitution; provided, however, the authority of this provision is limited to Section 843.5 of Title 21 of the Oklahoma Statutes when the offense involved sexual abuse or sexual exploitation; Sections 681, 741 and 843.1 of Title 21 of the Oklahoma Statutes when the offense involved sexual abuse or sexual exploitation; and Sections 865 et seq., 885, 886, 888, 891, 1021, 1021.2, 1021.3, 1040.13a, 1087, 1088, 1111.1, 1115 and 1123 of Title 21 of the Oklahoma Statutes,

22 O.S.2011, § 991a(A)(1)(F). This statutory enactment authorized the district court to order the convicted defendant at the time of sentencing or at any time during the suspended sentence to confinement as provided by law together with a term of post-imprisonment community supervision for not less than three years of the total term allowed by law for imprisonment when the defendant had been convicted of one of the enumerated offenses involving sexual exploitation or sexual abuse. The amended language only authorized post-imprisonment supervision after confinement during a suspended sentence.

¶8 Thereafter, the Legislature amended the punishment provisions for the enumerated offenses involving sexual exploitation or sexual abuse and required that, except for persons sentenced to life or life without parole, any person sentenced to imprisonment for two (2) years or more for a violation of one of the enumerated statutory provisions serve a term of post-imprisonment supervision pursuant to Section 991a(A)(1)(F). 2007 OKLA. SESS. LAWS CH. 261, §§ 1-18. The Legislature amended the range of punishment for each of the sex offenses to include:

Except for persons sentenced to life or life without parole, any person sentenced to imprisonment for two (2) years or more for a violation [ ] of this section and the offense involved sexual assault, shall be required to serve a term of post-imprisonment supervision pursuant to subparagraph f of paragraph 1 of subsection A of Section 991a of Title 22 of the Oklahoma Statutes under conditions determined by the Department of Corrections. The jury shall be advised that the mandatory post-imprisonment supervision shall be in addition to the actual imprisonment.

Id.[3] 

¶9 Only the sex offenses listed within Section 991a(A)(1)(F) required post-imprisonment supervision until the Oklahoma Legislature in 2012 enacted Section 991a-21 of Title 22. 2012 OKLA. SESS. LAWS CH. 228, § 4. This new section of law stated:

A. For persons convicted and sentenced on or after November 1, 2012, the court shall include in the sentence of any person who is convicted of a felony and sentenced to a term of confinement with the Department of Corrections, as provided in Section 991a of Title 22 of the Oklahoma Statutes or any other provision of the Oklahoma Statutes, a term of post-imprisonment supervision. The post-imprisonment supervision shall be for a period of not less than nine (9) months nor more than one (1) year following confinement of the person and shall be served under conditions prescribed by the Department of Corrections. In no event shall the post-imprisonment supervision be a reason to reduce the term of confinement for a person.

B. The court shall not include a term of post-imprisonment supervision for any person who has been sentenced to life without parole.

C. Should the offender fail to comply with the terms of post-imprisonment supervision, the offender may be sanctioned to serve a term of confinement of six (6) months in an intermediate revocation facility.

D. Nothing in this section shall prevent the state from revoking, in whole or in part, the post-imprisonment supervision, probation or parole of a person for committing any misdemeanor or felony while under such supervision, probation or parole.

22 O.S.Supp.2012, § 991a-21.

¶10 The plain language of Section 991a-21 requires the district court to include in the sentence for any person convicted of a felony and sentenced to a term of confinement, with the exception of life without parole, a period of post-imprisonment supervision of not less than nine (9) months nor more than one (1) year. This requirement applies to any felony offense other than the sex offenses enumerated within Section 991a(A)(1)(f).

¶11 In Friday v. State, 2016 OK CR 16, --- P.3d ---, this Court interpreted the plain language of Section 991a-21. Focusing on the language "convicted" and "sentenced," this Court determined that Section 991a-21 does not authorize post-imprisonment supervision to be imposed at the time an order revoking a suspended sentence is entered. Id., 2016 OK CR 16, ¶¶ 4-5.

¶12 We note that Friday did not involve one of the sex offenses set out in Section 991a(A)(1)(F). Instead, the appellant in Friday had entered a plea of guilty to Uttering a Forged Instrument. Friday, 2016 OK CR 16, ¶ 1. Thus, the plain language of Section 991a(A)(1)(F) did not apply.

¶13 In the present case, we are presented with different circumstances than in Friday. Appellant entered a no contest plea to Making Lewd or Indecent Proposal to Minor Under Sixteen in violation of 21 O.S.2011, § 1123(A). This statutory provision is one of the sex offenses for which Section 991a(A)(1)(F) requires post imprisonment supervision. As the explicit language of Section 991a(A)(1)(F) authorizes the district court to "order the convicted defendant at the time of sentencing or at any time during the suspended sentence" to "confinement . . . with a term of post-imprisonment community supervision," the district court was authorized to order post-imprisonment supervision in this case.

¶14 Underlying this Court's opinion in Friday is the double jeopardy prohibition against multiple punishments for the same offense. See Hemphill v. State, 1998 OK CR 7, ¶ 6, 954 P.2d 148, 150 ("Our state's sentencing statutes contemplate that when a defendant is sentenced he receives only one sentence, not multiple ones."); Degraffenreid v. State, 1979 OK CR 88, ¶ 13, 599 P.2d 1107, 1110 ("There is one judgment of guilt and one sentence, and they have already been imposed."); Marutzky v. State, 1973 OK CR 398, ¶ 6, 514 P.2d 430, 431-32) (finding defendant not punished twice for same offense where original punishment imposed). It is clear from the plain language of Section 991a(A)(1)(F) and Section 1123 that the Legislature intended that every person convicted and sentenced to imprisonment for two (2) years or more serve a term of post-imprisonment supervision when released from incarceration or imprisonment. Appellant acknowledged within his Plea form that he was required to serve a term of post-imprisonment supervision for any term of imprisonment of two (2) years or more. The trial court only ordered a single term of post-imprisonment supervision during the proceedings.[4] Consequently, Appellant is not being twice punished for the same offense.

¶15 Although the Legislature has not made provision for the imposition of a term of post-imprisonment supervision following the revocation of a suspended sentence in general felony cases, it has required service of such a term in sex offense cases in which the defendant is imprisoned for two (2) years or more. Since the trial court was authorized to order post-imprisonment supervision in the present case when it revoked the balance of Appellant's suspended sentence, we find that the trial court did not abuse its discretion. No relief is required.

DECISION

¶16 The revocation of Appellant's suspended sentence in Oklahoma County District Court Case No. CF-2012-1322 is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2016), the MANDATE is ORDERED issued upon the filing of this decision.

REVOCATION APPEAL FROM THE DISTRICT COURT OF OKLAHOMA
COUNTY, THE HONORABLE GLENN M. JONES, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 ED BLAU
 ATTORNEY AT LAW
 101 PARK AVENUE, SUITE 600
 OKLAHOMA CITY, OKLAHOMA 73102
 COUNSEL FOR DEFENDANT

  

 MICHELE MCELWEE
 ASSISTANT DISTRICT ATTORNEY
 505 COUNTY OFFICE BLDG.
 320 ROBERT S. KERR AVE.
 OKLAHOMA CITY, OKLAHOMA 73102
 COUNSEL FOR THE STATE
 
 
 APPEARANCES ON APPEAL
 
 KIMBERLY D. HEINZE
 APPELLATE DEFENSE COUNSEL
 P. O. BOX 926
 NORMAN, OKLAHOMA 73070
 COUNSEL FOR APPELLANT

  

 E. SCOTT PRUITT
 ATTORNEY GENERAL OF OKAHOMA
 JENNIFER B. WELCH
 ASSISTANT ATTORNEY GENERAL
 313 N.W. 21st STREET
 OKLAHOMA CITY, OKLAHOMA 73105
 COUNSEL FOR THE STATE
 
 
 

OPINION BY: LUMPKIN V.P.J.

SMITH, P.J.: Concur
JOHNSON, J.: Concur
LEWIS, J.: Concur in Results
HUDSON, J.: Concur

FOOTNOTES

[1] Two counts of Making a Lewd or Indecent Proposal to a Minor Under Sixteen, Counts 1 and 2, were dismissed.

[2] We note that the district courts have long been authorized to impose a term of "probation" when the court suspends a sentence in whole or in part. 22 O.S.Supp.2014, § 991a(A)(1). Historically, a term of "probation" as set out in Section 991a(E) acted as a form of post-imprisonment supervision. This mechanism remains available to the district courts.

[3] The enactment amended Sections 681(B), 741, 843.1(D), 867(C), 886, 888(A), 891, 1021(D), 1021.2(A), 1021.3(A), 1040.13a(D), 1087(C) and 1088(C) of Title 21, and Section 7115(E) of Title 10.

[4] Friday also involved imposition of a "second" term of post-imprisonment supervision. Friday v. State, 2016 OK CR 16, ¶ 3, --- P.3d ---. The district court in Friday imposed confinement and a term of post-imprisonment supervision at the time of sentencing and then imposed a second term of post-imprisonment supervision at the revocation hearing. Id., 2016 OK CR 16, ¶¶ 1, 3. This aspect of the opinion has been woefully overlooked.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1990 OK CR 27, 792 P.2d 1186, VIRGIN v. STATE
Discussed
 1993 OK CR 54, 868 P.2d 709, STATE v. RAMSEY
Discussed
 1996 OK CR 55, 932 P.2d 22, Lozoya v. State
Discussed
 1979 OK CR 88, 599 P.2d 1107, DEGRAFFENREID v. STATE
Discussed
 2007 OK CR 3, 154 P.3d 84, STATE v. DISTRICT COURT OF OKLAHOMA COUNTY
Discussed at Length
 2012 OK CR 14, 288 P.3d 247, STATE v. STICE
Discussed
 2013 OK CR 10, 306 P.3d 554, TILDEN v. STATE
Discussed
 2016 OK CR 16, FRIDAY v. STATE
Discussed at Length
 1952 OK CR 98, 247 P.2d 304, 95 Okl.Cr. 418, TURVEY v. STATE
Discussed
 1997 OK CR 18, 935 P.2d 366, Wallace v. State
Discussed
 1998 OK CR 7, 954 P.2d 148, 69 OBJ 592, Hemphill v. State
Discussed
 1999 OK CR 14, 989 P.2d 949, 70 OBJ 1076, State v. Young
Discussed
 1973 OK CR 398, 514 P.2d 430, MARUTZKY v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 991a-21, Post-Imprisonment Supervision
Discussed
 22 O.S. 991a, Sentence - Powers of the Court
Discussed at Length