**Alton M. THOMAS, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A–13576.**

Court of Criminal Appeals of Oklahoma.

June 2, 1965.

Rehearing Denied Aug. 2, 1965.

W. B. Ward, Jr., Ada, for plaintiff in error.

Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Alton M. Thomas was tried by a jury in the District Court of Hughes County and convicted for the offense of attempted robbery with firearms after former conviction of felonies, and appeals.

It is first contended by plaintiff in error that the trial court erred in instructing the jury that:

> "If you find, beyond a reasonable doubt, that the defendant is guilty, as charged, of attempted burglary with a firearm, and also has been convicted of a felony, or felonies, you shall assess his punishment by imprisonment in the State Penitentiary for a period of time not less than five (5) years."

It is the position of the plaintiff in error that the court erred in instructing the jury under the provisions of Title 21 O.S.Supp. (1963) § 51, Paragraph 1, which provides:

> "Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, com-

mits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than the minimum of number of years authorized for a first conviction. * * *"

and that the court shall have instructed the jury under the provisions of Title 21 O.S.Supp. (1963) § 51, Paragraph 3, the same being:

"* * * 3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five years."

 This contention, although well presented and earnestly argued, ignores the cardinal rule of statutory construction which has been uniformly followed by this Court that the fundamental rule of construction of a statute is to ascertain and give effect to the intention of the Legislature as expressed in the statute. To ascertain the intention of the Legislature in the enactment of the statute, the court may look to each part of the same, to other statutes upon the same or relative subjects, to the evils and mischiefs to be remedied, and to the natural or absurd consequences of any particular interpretation.

Attempted robbery with firearms has been viewed by our Legislature as a crime equally as serious as the completed crime of robbery with firearms for Title 21 O.S.1961 § 801 provides that either offense shall be punishable by a minimum of five years in the state penitentiary. To hold that one who commits a crime punishable by a minimum imprisonment of five years after former conviction of felonies should be punished by imprisonment in the penitentiary for a term not exceeding the maximum of five years imprisonment would, in our judgment, be an absurdity.

We are of the opinion and therefore hold that the trial court properly instructed the jury under provisions of Title 21 O.S.Supp. (1963) § 51, Paragraph 1.

The second contention urged by the plaintiff in error on appeal is not supported by authority, and is equally without merit, and will not be dealt with in this opinion.

In the instant case the evidence overwhelmingly supports the verdict of the jury, and finding no error sufficient to justify a modification or reversal of the judgment and sentence imposed, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby affirmed.

NIX and BRETT, JJ., concur.