Herbert A. VIRGIN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–87–790.

Court of Criminal Appeals of Oklahoma.

May 11, 1990.

Lee Ann Jones Peters, Asst. Appellate Public Defender, Oklahoma City, for appellant.

Robert S. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Herbert A. Virgin, appellant, was tried by jury for the crimes of Forcible Oral Sodomy (Count I), Forcible Anal Sodomy (Count III), both in violation of 21 O.S.1981, § 886 and 21 O.S.Supp.1982, § 888, and Lewd or Indecent Acts with a Child Under the Age of Sixteen (Count II), in violation of 21 O.S.Supp.1985, § 1123, each After Former Conviction of Two or More Felonies, in the District Court of Oklahoma County, Case No. CRF–87–201. The jury returned a verdict of guilty on each count and set punishment at one hundred fifty (150) years imprisonment per count. The trial court sentenced appellant accordingly, ordering that Counts I and II be served concurrently and Count III to be served consecutively. From these judgments and sentences, appellant has perfected this appeal.

In October of 1987, Marilyn W. and her two daughters, C.W., age 8, and S.E., moved into her cousin Meda W.'s two-bedroom house. Meda and appellant, her fiance, occupied one bedroom in the home while Marilyn and the two girls slept in the other bedroom. Marilyn testified that on several occasions during the ensuing two months, she was awakened during the night to find appellant sitting on C.W.'s bed. When confronted, appellant explained that he had come into the room to cover the girls so they would not get cold.

In early December, Marilyn was informed by C.W. that appellant had shown her magazines containing pictures of nude people. Marilyn and her daughters moved out of the house shortly thereafter. It was not until they had moved out that C.W. revealed that appellant had molested her.

At trial, C.W. testified that she was molested by appellant on at least five separate occasions. Specifically, she stated that appellant touched, licked and sucked her breasts and "private part." Using an anatomically correct doll, she showed the trial court that by "private part" she meant the vaginal area. She said that his tongue went inside the "crease." Appellant also rubbed his penis against her "private part" and a "wet and sticky" substance came out. Finally, C.W. testified that appellant stuck his finger inside her rectum. The parties stipulated that if Dr. Paul Mitchell was called to testify, he would state that there was no evidence of sexual penetration or abuse of C.W., but that insertion of an adult finger into the anus of an eight-year-old girl would not result in any detectable evidence.

In his first assignment of error, appellant asserts that 21 O.S.1981, § 886 and 21 O.S.Supp.1982, § 888, are unconstitutional-

ly vague as applied to his conviction for Forcible Anal Sodomy because neither provision explicitly proscribes the act of inserting one's finger into another's rectum. These provisions are set forth below.

Section 886:

Every person who is guilty of the detestable and abominable crime against nature, committed with mankind or with a beast, is punishable by imprisonment....

Section 888:

Any person who forces another person to engage in the detestable and abominable crime against nature, pursuant to Section 886 of this title, upon conviction, is guilty of a felony punishable by imprisonment.... This crime may also be known as forcible sodomy.

As both the State and appellant correctly submit, this is a case of first impression. Never before has this Court been asked to interpret these provisions as proscribing an act which did not involve either the genitalia or the vagina. These statutes have been applied only to cases in which the defendant performed fellatio on the victim, see *Golden v. State*, 695 P.2d 6 (Okl.Cr. 1985), where the defendant forced the victim to perform fellatio on him, see *Phillips v. State*, 756 P.2d 604 (Okl.Cr.1988), where the defendant performed cunnilingus on the victim, see *Casady v. State*, 721 P.2d 1342 (Okl.Cr.1986), where the defendant forced the victim to perform cunnilingus on her, see *Salyers v. State*, 755 P.2d 97 (Okl. Cr.1988), and where the defendant inserted his penis into the victim's rectum, see *Miller v. State*, 751 P.2d 733 (Okl.Cr.1988).

■■ It is a well established rule of statutory construction that statutes are to be construed according to the plain and ordinary meaning of their language. 25 O.S. 1981, § 1. *See also Glass v. State*, 701 P.2d 765, 768 (Okl.Cr.1985). Crime against nature is defined as "[d]eviate sexual intercourse...." *Black's Law Dictionary*, 334 (5th ed.1979). Of greater importance, 21 O.S.1981, § 887 provides that "sexual penetration" is required to sustain a conviction for such crime. Although there is no doubt that the crime herein committed was de-

testable and abominable, we must rule that the act of inserting one's finger into another's rectum does not constitute "sexual penetration." Accordingly, appellant's conviction for Forcible Anal Sodomy is reversed.

Because appellant's next two assignments of error concern only his Forcible Anal Sodomy conviction, we deem them moot.

■■■ In his final assignment, appellant contends that his sentences are excessive. The question of excessiveness of punishment is to be determined by the facts and circumstances of each particular case, and unless the sentence is so excessive that it shocks the conscience of the Court, we will not modify a sentence. *Shultz v. State*, 715 P.2d 485, 488 (Okl.Cr.1986); *Grant v. State*, 703 P.2d 943, 946 (Okl.Cr.1985). Considering the nature of these offenses and appellant's two prior convictions, one of which was for child molestation, and the fact that the sentences imposed were within the statutory limits, we are of the opinion that the remaining two sentences are not excessive.

In light of the above, appellant's conviction for Forcible Anal Sodomy (Count III) is hereby REVERSED and REMANDED with instructions to DISMISS. Appellant's judgments and sentences for Forcible Oral Sodomy (Count I) and Lewd or Indecent Acts with a Child Under the Age of Sixteen (Count II) are hereby AFFIRMED.

LANE, V.P.J., and BRETT and JOHNSON, JJ., concur.

LUMPKIN, J., specially concurs.

LUMPKIN, Judge, specially concurring:

I concur with the Court's decision in this case and write to address the impact of the decision in relation to statutory amendments enacted since the date of the events addressed in this case.

The Appellant in this case was convicted of acts committed, as set forth in the informations, between October 1, 1986, and November 30, 1986. Each of the three offenses was alleged to have occurred during

this same time period. The act alleged in Count III could have been charged as a separate act of Lewd or Indecent Acts with a Child Under the Age of Sixteen if the State could have proved a separate and distinct act. However, the testimony reveals the victim was not able to provide that detailed information and double jeopardy would preclude retrial under that amended charge. At the time these acts were committed 21 O.S.1981, § 1111.1 restricted the crime of Rape by Instrumentation to an act committed with any inanimate object, thereby precluding a charge when the object was a human finger. However, this statute was amended effective November 1, 1987, and now states "Rape by instrumentation is an act within or without the bonds of matrimony in which any inanimate object *or any part of the human body*, not amounting to sexual intercourse is used in the carnal knowledge of another person without his or her consent and penetration of the anus or vagina occurs to the person. Provided, further, that at least one of the circumstances specified in Section 1111 of this title has been met." (emphasis added) 21 O.S.Supp.1987, § 1111.1. Therefore, the Legislature has addressed the issue presented in this case and the same act committed after November 1, 1987, would be subject to prosecution under the amended statute.