The STATE of Oklahoma, Appellant,

v.

Michael Don RAMSEY, Appellee.

No. S 93–0613.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1993.

---

of Wagoner County, Case No. CRF–92–0139, with Counts I and II, Burglary of a Vehicle, Counts III and IV, Third Degree Arson, and Count V, Knowingly Concealing Stolen Property. At the preliminary hearing held September 25, and November 20, 1992, Appellee's motion to suppress evidence and demurrer were sustained, and Appellant perfected this appeal.

This appeal was automatically assigned to the Accelerated Docket pursuant to 22 O.S.Supp.1992, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 11.2(a)(5). Appellee objected to the appeal alleging that certain documents were filed out of time, however, no motion to dismiss the appeal based on those grounds was filed. The propositions or issues were presented to this Court in oral argument October 28, 1993, pursuant to Rule 11.5(c). Appellant raised three proposition of error on appeal: I. The authority of railroad policemen to search and seize is a necessary and inherent part of the right to arrest granted by 66 O.S.1991, § 183; II. The court erred in suppressing evidence of seized property and statements made to railroad policemen; and III. The decision of the Trial Court was erroneous considering the amount of evidence presented, taken in the best light of the State.

On June 9, 1992, a burglary and arson of Union Pacific Railroad equipment utilized in repair and maintenance of railroad right of way, was committed in Okay, Oklahoma. The burglarized vehicles, at the time of the crimes, were not located on railroad property. An initial investigation was done by Special Agent Simmons, a railroad policeman. Located near the vehicles was the cover to a seat which fit a Ford Bronco seat. Approximately one-fourth (¼) of a mile away, property stolen out of the utility vehicles was found laying in a bar ditch, near a place used as a dump by local residents. Found near the stolen goods was a water bill with Appellee's name and address.

On June 10, 1992, after locating Appellee's home (approximately 2 miles from the location of the stolen property) and learning that Appellee drove a Ford Bronco, Agent Simmons, accompanied by two other railroad policemen, went to Appellee's residence. All

---

### ACCELERATED DOCKET ORDER

Appellee, Michael Don Ramsey, was charged by Information in the District Court

of the railroad policemen were wearing plain clothes and pistols in holsters. Upon identifying the Appellee, Appellee and an acquaintance at the residence were searched, taken to the railroad offices in Muskogee, and questioned. Both denied any knowledge of the crimes, but while at the railroad offices Appellee signed a consent to search without a warrant, authorizing the agents to search his home and vehicle. The men were returned to the residence in Okay where the agents searched the Appellee's vehicle, home and several outbuildings. Appellee was charged with the crimes and proceeded to preliminary hearing.

■ Appellee moved to have any and all evidence obtained during the searches suppressed, alleging the agents had no jurisdiction to search Appellee, his vehicle or his residence. Additionally, Appellee claimed the consent form waiving the search warrant was signed under duress, in conjunction with the illegal detention and questioning, and was therefore invalid. The Trial Court sustained the motion, and suppressed the use of any statements made by Appellee, together with any property seized as a result of the search. The Trial Court also granted Appellee's demurrer finding insufficient evidence to show probable cause. Appellant appeals this ruling.

The statute at issue is 66 O.S.1991 § 183, titled "Railway police—power and authority", which reads as follows:

Railway companies organized under the laws of this State, or doing business within the State, are hereby authorized and empowered at their own expense [1] to appoint and employ policemen at such stations or other places on the lines of their railroads within this State, as said companies may deem necessary for the protection of their property, and the preservation of order on their premises, and in and about their cars, depots, depot grounds, yards, buildings or other structures; and [2] said policemen shall have power and authority to arrest, with or without warrant, any person or person who shall commit any offense against the laws of this State, or the ordinances of any town, city, or other municipality when such offense

shall have been committed upon the premises of said companies, or in and about their cars, depots, depot grounds, yards, buildings, or other structures; and [3] shall also have the authority of sheriffs, constables and peace officers in regard to the arrest and apprehension of any such offenders, in or about the premises or appurtenances aforesaid; [4] but in case of the arrest by said policemen of any person without warrant, they shall forthwith take such offender before some justice of the peace or other magistrate having jurisdiction, and make complaint against said offender according to law. Nothing herein contained shall be construed as restricting the lawful rights, powers or privileges of any sheriff, constable, policeman, or peace officer within their respective jurisdiction, and for the official acts of such policeman or policemen the railroad company making such appointment shall be held responsible to the same extent as for the acts of any of its general agents or employees. R.L. 1910, § 1444.

[Bracketed [ ] numbers are added here for reference to this opinion.]

■ The rules of statutory construction require that the statute granting railway police their power and authority must be harmonized with other statutes and case law regarding the jurisdiction of law enforcement officers. Legislative acts are to be construed so as to reconcile their provisions, rendering them consistent and giving intelligent effect to each. *Cowart v. Piper Aircraft,* 665 P.2d 315, 317 (Okl.1983); *Simpson v. State,* 827 P.2d 171, 174 (Okl.Cr.1992); *Prettyman v. Halliburton Co.,* 841 P.2d 573, 580 (Okl.1992).

The language of Section 183 is inconsistent. Specifically, the second clause is inconsistent with the third and fourth clauses of the statute. The first clause authorizes the employment of railroad policemen by the railroad company at railroad expense for the protection of their property and preservation of order on their premises or about their property. The second clause gives railroad policemen the power to arrest persons committing offenses upon railroad property premises, although it doesn't put a limitation upon when or where that arrest can be made.

The third clause limits the ability of railroad policemen to arrest and apprehend offenders in or about the railroad property premises or its appurtenances. And, the fourth clause equates railroad policemen arresting persons without a warrant to a private citizen arrest, in that the statute authorizing an arrest by a private citizen mandates the same procedure as this statute. The language contained in the fourth clause is the same language used in 22 O.S.1991 § 205 which provides that a private person who has arrested another for the commission of a public offense must "without unnecessary delay, take him before a magistrate or deliver him to a peace officer."

■ To reconcile the inconsistent language contained in the statute we find that railroad policemen cannot make an arrest off the actual railroad premises. Their power of arrest as defined in the statute is restricted to the actual railroad premises and/or railroad property.

While the statute gives railroad policemen the authority to investigate matters which may have occurred on railroad premises beyond those premises, they are acting as private citizens when conducting such an investigation. They are therefore subject to the same restrictions and guidelines as private citizens.

■ Just as municipal or state law enforcement officers are limited in their jurisdiction to the boundaries of their municipalities or states, so are railroad policemen limited in their jurisdiction to the boundaries of railroad company property. Outside of that jurisdiction, they must comply with, and have consistently applied to them, the statutes and case law applied to other law enforcement officers acting outside of their jurisdiction. *Phipps v. State,* 841 P.2d 591 (Okl.Cr.1992), *Meadows v. State,* 655 P.2d 556, 557 (Okl.Cr. 1983).

In this case, railroad policemen went outside of their jurisdiction, detained and took custody of the Appellee and another person, and transported them to railroad property for questioning and interrogation in an attempt to confer jurisdiction. Such actions were clearly beyond their jurisdiction and authority.

■ In conjunction with their limited jurisdiction, railroad policemen are also bound by the dictates of 22 O.S.1991 § 196. This section defines the procedure for arrest without a warrant by an officer, and further clarifies the authority of railroad policemen and their power to arrest.

**IT IS THEREFORE THE ORDER OF THIS COURT,** by a five (5) to zero (0) vote, after hearing oral argument and after a thorough consideration of Appellant's propositions of error and the entire record before us on appeal, the order of the Trial Court sustaining Appellee's Motion to Suppress Evidence and Demurrer is AFFIRMED.

**IT IS SO ORDERED.**

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge