**George Kent WALLACE, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**Nos. C–91–309, PC–95–1246.**

Court of Criminal Appeals of Oklahoma.

Feb. 1, 1996.

---

Randy A. Bauman, Oklahoma City, for Petitioner George Kent Wallace.

### ORDER DENYING DISCOVERY

Petitioner George Kent Wallace through his attorney, Randy A. Bauman, has filed two documents with this Court: an Emergency Application for Stay of Execution; and an Initial Motion for Discovery. We granted the application for stay of execution in a separate Order filed November 21, 1995, and determined that order was an extension of proceedings in connection with this Court's mandatory sentence review of his conviction. For that reason we reference that case number in the style of this case. We now address the Motion for Discovery. For the

1. A post-conviction number has been assigned this case by the Clerk of this Court; however, for reasons set forth below, this in no way indicates

reasons given below, we find we cannot grant Petitioner's request.

Although Petitioner has filed his initial motion for discovery in this case, he has not yet filed his verified application for post-conviction relief with this Court as required by 22 O.S.Supp.1995, § 1089. The question therefore arises whether this Court has jurisdiction in Petitioner's case to order discovery. We hold we do not.[1]

### I. JURISDICTION OF THIS COURT

A review of 22 O.S.Supp.1995, § 1089 reveals the procedural focus of the new capital post-conviction relief statute is on the application itself. *See* 22 O.S.Supp.1995, §§ 1089(A), 1089(C), 1089(D). It seems clear that this Court has a continuing jurisdiction in all death cases in which the direct appeal is filed after November 1, 1995: the language of the act specifically states that the application for post-conviction relief "shall be filed in the Court of Criminal Appeals within ninety (90) days from the date the appellee's brief on direct appeal is filed or, if a reply brief is filed, ninety (90) days from the filing of that reply brief with the Court of Criminal Appeals on the direct appeal." 22 O.S.Supp. 1995, § 1089(D)(1). Therefore, this Court has the power to act in the post-conviction portion of the case when the direct appeal is pending before the Court even before an application is filed by virtue of its having jurisdiction of the case through the direct appeal process.

However, the statute is less clear when dealing with the so-called "transition" cases, such as Petitioner's. The applicable portion of the statute reads:

Where the appellant's original brief on direct appeal has been filed prior to November 1, 1995, and no application for post-conviction relief has been filed, any application for post-conviction relief must be filed in the Court of Criminal Appeals within one hundred eighty (180) days of November 1, 1995. The Court of Criminal Appeals may issue orders establishing

Petitioner has perfected his post-conviction application within the time authorized by statute.

briefing schedules or enter any other orders *necessary to extend the time limits* under this section in cases where the original brief on direct appeal has been filed prior to November 1, 1995.

22 O.S.Supp.1995, § 1089(D)(1) (emphasis added). As we stated in *State ex rel. Hicks v. Freeman,* 795 P.2d 110, 112 (Okl.Cr.1990):

The fundamental rule of statutory construction is to ascertain and give effect to the intention of the legislature as expressed in the statute. *Thomas v. State,* 404 P.2d 71, 73 (Okl.Cr.1965). "A statute should be given a construction according to the fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." *Jordan v. State,* 763 P.2d 130, 131 (Okl.Cr.1988).

Here, the direct appeal has been decided and the mandate has issued, yet no application for post-conviction relief has been filed. And, although the Legislature gave this Court authority to issue orders necessary to *extend* time limits, it did not give this Court any authority to acquire jurisdiction in the case before the application is filed. As we held in both *Freeman,* 795 P.2d at 112 and *McCullick v. State,* 682 P.2d 235, 236 (Okl.Cr. 1984), "[T]his is a proper instance for applying the maxim 'expressio unius est exclusio alterius,' meaning that the mention of one thing in a statute implies exclusion of another." Applying this to 22 O.S.Supp.1995, § 1089, we find the legislature's inclusion of language giving this Court authority to grant extensions of time to file impliedly excludes the possibility of acquiring jurisdiction at a time earlier than that at which the application is filed. We therefore find we have no jurisdiction in this case until the application for post-conviction relief is filed with the Clerk of this Court.[2] Petitioner is, of course, free to include a motion for discovery at the time the application is filed.

This situation was not brought to this Court's attention by any of the parties who

reviewed this Court's new Rule 9.7; consequently, we find it necessary to amend 22 O.S.Supp.1996, Ch. 18, App. *Rules of the Court of Criminal Appeals,* Rule 9.7(D)(2) as follows:

(2) Requests for discovery by either party shall be filed with this Court before or at the time the application for post-conviction relief is filed. Where the appellant's direct appeal brief was filed before November 1, 1995, and the direct appeal has been decided, requests for discovery shall be filed with this Court only at the time the application for post-conviction relief is filed. Discovery requests filed after the application is filed shall not be considered.

We stress this holding applies only to cases in which the direct appeal has been decided and no application for post-conviction relief has been filed. In those cases where the brief on direct appeal was filed before November 1, 1995, but this Court has not decided the direct appeal, this Court would have jurisdiction by virtue of that continuing direct appeal, and a discovery request filed before the application for post-conviction relief will be considered by this Court.

We therefore hold we have no jurisdiction to order discovery in Petitioner's case.

## II. DEADLINE FOR THE FILING OF APPLICATION

It is clear a verified application must be filed with the Clerk of this Court within one-hundred-eighty (180) days from November 1, 1995. *See* 22 O.S.Supp.1995, § 1089(D)(1); 22 O.S.Supp.1995, Ch. 18, App. *Rules of the Court of Criminal Appeals,* Rule 9.7(A)(2). Based on the 180–day statutory requirement found at 22 O.S.Supp.1995, § 1089(D)(1), Petitioner's application must be filed on or before April 29, 1996.

IT IS SO ORDERED.

---

**2.** We are aware of 22 O.S.Supp.1995, § 1089(D)(3). That provision states this Court "may issue any orders as to discovery or any other orders necessary to facilitate post-conviction review." We cannot construe this subsection in such a manner as to grant jurisdiction.

Before this Court could issue orders "necessary to facilitate" review, we would have to have a proper post-conviction case before us. To issue an order here would not be facilitating post-conviction review; it would be creating it. This we cannot do.

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Vice–Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

STRUBHAR, J., not participating.