OSCN Found Document:Question Submitted by: The Honorable Jerry Ellis, Oklahoma State Senator, District 5

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 Question Submitted by: The Honorable Jerry Ellis, Oklahoma State Senator, District 5
2014 OK AG 11
Decided: 10/01/2014
Oklahoma Attorney General Opinions
Cite as: 2014 OK AG 11, __ __

 
Attorney General Opinion
2014-11
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does 57 O.S.Supp.2013, § 515, which requires that a probation officer have a bachelor's degree with at least twenty-four (24) credit hours of study in psychology, sociology, social work, criminology, education, criminal justice administration, penology, or police science apply to employees of a district attorney who provides probation supervision services?
2. Is a district attorney in violation of 21 O.S.Supp.2013, §§ 263 and 1532 by directing a member of his or her staff to conduct court-ordered probation supervision if the staff member does not have the training and experience described in 57 O.S.Supp.2013, § 515?
I.
Introduction
¶1 Procedures governing probation supervision during a deferred or suspended sentence are not derived from federal or state constitutional law. Probation supervision is not a right, privilege, or entitlement the defendant may claim as his own. Instead, probation supervision is a condition of a criminal sentence and a creature of statute ordered into existence at the discretion of the trial judge. 22 O.S.Supp.2013, §§ 991a(A)(1), 991c(A)(7); Gray v. State, 1974 OK CR 186, ¶ 10, 527 P.2d 338, 343. Courts have the authority to suspend or defer the execution of a sentence and order probation supervision. 22 O.S.Supp.2013, § 991a(A)(1) (suspended sentences); id. § 991c(A)(7) (deferred sentences). As a part of the sentencing process, the court may order probation supervision by one of three entities: "a Department of Corrections employee, a private supervision provider, or other person designated by the court[.]" Id. § 991a(A)(1)(s). The district attorney's office is not explicitly listed as an entity that may conduct court-ordered probation supervision in Section 991a(A)(1)(s), and there is no statute that expressly empowers the district attorney to supervise defendants. However, the Oklahoma Court of Criminal Appeals held that courts may consider the district attorney's office as an "other person designated by the court," which permits a district attorney to provide probation supervision services to defendants in accordance with a court order under Section 991a(A)(1)(s). State ex rel. Mashburn v. Stice, 2012 OK CR 14, ¶ 14, 288 P.3d 247, 251.
II.
A Defendant Under Probation Supervision by a District Attorney is not Entitled to a Probation Supervisor With Certain Training Specified in 57 O.S.Supp.2013, § 515.
¶2 In your Opinion request[1] you raise concerns that a defendant under supervision by the district attorney should not be supervised by a person unless that person meets the specific qualifications found in 57 O.S.Supp.2013, § 515 and 70 O.S.Supp.2013, § 3311. These statutes are located in the section of the law that addresses requirements for probation-parole officers under the Department of Corrections and peace officers, and should be considered in that context. Specifically, Title 57 of the Oklahoma Statutes addresses prisons and reformatories, and Section 515 of Title 57 contains laws governing probation-parole officers employed by the Oklahoma Department of Corrections. Notably, a "district attorney" is not referenced or even alluded to in any part of these statutes. Title 57 O.S.Supp.2013, § 515 reads: 


All probation-parole officers shall be deemed peace officers and shall possess the powers granted by law to peace officers. Probation-parole officers shall meet all of the training and qualifications for peace officers required by Section 3311 of Title 70 of the Oklahoma Statutes. Qualifications for probation-parole officers shall be good character and a bachelor's degree from an accredited college or university including at least twenty-four (24) credit hours in any combination of psychology, sociology, social work, criminology, education, criminal justice administration, penology or police science.


Id. In addition, 70 O.S.Supp.2013, § 3311, referenced in Section 515 above, describes the powers and functions of the Council on Law Enforcement Education and Training ("CLEET") and the minimum criteria to become a CLEET certified officer. See id. These statutes dictate the training and qualifications for peace officers and Oklahoma Department of Corrections probation-parole officers, and cannot be read so broadly as to dictate minimum qualifications for employees in the district attorneys' offices who supervise probation. Nowhere in these two statutes are training requirements for a district attorney's office mentioned because these requirements apply only to Department of Corrections probation-parole officers and peace officers. Without further instruction by the sentencing judge, Department of Corrections probation-parole officer is the only probation officer who can be held to these standards. 
¶3 Furthermore, it is a well-established principle of statutory construction that statutes should be construed according to their plain and ordinary meaning. Wallace v. State, 1996 OK CR 8, ¶ 14, 910 P.2d 1084, 1086 (citations omitted). In fact, "[t]he fundamental rule of statutory construction is to ascertain and give effect to legislative intent, and that intent is first sought in the language of the statute." YDF, Inc. v. Schlumar, Inc., 2006 OK 32, ¶ 6, 136 P.3d 656, 658; see Rogers v. Quiktrip Corp., 2010 OK 3, ¶ 11, 230 P.3d 853, 859 (footnotes omitted); World Pub. Co. v. Miller, 2001 OK 49, ¶ 7, 32 P.3d 829, 832 (footnotes omitted). Title 57 O.S.Supp.2013, § 515 is under the section of law dealing with the Department of Corrections and reflects the intent of the Legislature to provide duties and requirements for probation officers employed by the Oklahoma Department of Corrections. 
¶4 In 2014, the Oklahoma Legislature enacted a new law, 2014 Okla. Sess. Laws ch. 414, § 2 (codified as 57 O.S.Supp.2014, § 515a, effective November 1, 2014), which addresses other supervision standards that apply to felony probation supervision. In this section, the Department of Corrections, a district attorney, and the private supervision provider are each listed specifically by name, and the Legislature is clear that this new law applies to all three entities, including a district attorney. Id. § 515a(A). The language of the statute in Section 515a exhibits the Legislature's intent to create minimum supervision standards fully described in Section 515a(B) for those entitles mentioned by name in Section 515a(A); however, the new law does not include specific educational requirements for probation supervision officers. Id. 
¶5 What 57 O.S.Supp.2014, § 515a does do is impose minimum supervision standards on the supervising agency and describes duties such as intake and orientation procedure, mandatory evaluations of the offender, and the process for issuing sanctions. With this new law, the Legislature neither incorporates into Section 515a the educational requirements from Section 515 that apply to probation-parole officers, nor does it revise the language of Section 515 to expressly list the "Department of Corrections, a district attorney, or private supervision provider[s]," as it does in the new law. 57 O.S.Supp.2014, § 515a(A). Giving full effect to the intent of the Legislature, as expressed in 57 O.S.Supp.2013, § 515 and 57 O.S.Supp.2014, § 515a, the statutes do not require a district attorney or his or her staff members who conduct supervision to possess the educational requirements in Section 515. District attorneys and their staff are acting within their authority to serve as probation supervisors. Additionally, there is no indication the Oklahoma Legislature created Section 515 to control district attorneys or their employees in the course of providing probation supervision services, and it would be improper to enlarge the meaning of these words beyond their intended scope. As a result, a plain language reading supports the conclusion that the requirements for probation officers listed in 57 O.S.Supp.2013, § 515 and 70 O.S.Supp.2013, § 3311, do not apply to employees in the district attorney's office who provide supervision services.
III.
A District Attorney is Not in Violation of State Law by Directing Staff Members, Who do Not Have the Training And Education Enumerated in 57 O.S.Supp.2013, § 515, to Conduct Probation Supervision.
¶6 Pursuant to Oklahoma State Statutes, as interpreted by the Oklahoma Court of Criminal Appeals, a district attorney may provide probation supervision services to defendants ordered by the court to serve their suspended or deferred sentences on probation. 22 O.S.Supp.2013, § 991a(A)(1)(s); Stice, 2012 OK CR at ¶ 14, 288 P.3d at 251. Employing the reasoning in Part I of this Opinion, Oklahoma law does not require district attorney probation supervision services to be conducted by one with the education and training requirements for Department of Corrections officers listed in 57 O.S.Supp.2013, § 515, and accordingly a district attorney is not in violation of state law[2] by providing such services.


¶7 It is, therefore, the official Opinion of the Attorney General that:
1. The qualifications for probation-parole officers found in 57 O.S.Supp.2013, § 515 apply to probation-parole officers who are employed by the Oklahoma Department of Corrections, and this statute was not intended to govern employees in district attorneys' offices who supervise offenders.
2. A district attorney and his or her staff are not in violation of 21 O.S.Supp.2013, §§ 263 and 1532 by providing probation supervision with probation officers who do not have educational and training requirements delineated in 57 O.S.Supp.2013, § 515. The requirements in Section 515 of Title 57 apply to probation-parole officers under the Department of Corrections, and this statute cannot be construed so broadly as to apply to and control a district attorney's office. 


E. Scott Pruitt
Attorney General Of Oklahoma
Lauren E. Hammonds
Assistant Attorney General 
FOOTNOTES
[1] Letter from Jerry Ellis, Oklahoma State Senator, to Scott Pruitt, Attorney General of Oklahoma (July 14, 2014) (on file with author). 
[2] In your Opinion request, you specifically cite to 21 O.S.Supp.2013, § 263, which criminalizes pretending to be an executive officer, and 21 O.S.Supp.2013, § 1532, which criminalizes false impersonation and receiving money or property intended for another. See n.1. Without specific facts, a district attorney does not violate these laws when he or she simply directs a staff member to conduct court-ordered probation supervision services. 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1996 OK CR 8, 910 P.2d 1084, WALLACE v. STATE
Discussed
 1974 OK CR 186, 527 P.2d 338, GRAY v. STATE
Discussed
 2012 OK CR 14, 288 P.3d 247, STATE v. STICE
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 49, 32 P.3d 829, 72 OBJ 1807, WORLD PUBLISHING CO. v. MILLER
Discussed
 2006 OK 32, 136 P.3d 656, YDF, INC. v. SCHLUMAR, INC.
Discussed
 2010 OK 3, 230 P.3d 853, ROGERS v. QUIKTRIP CORP.
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 263, Pretending to be Executive Officer - Punishment
Discussed at Length
 21 O.S. 1532, False Personation - Receiving Money or Property Intended for Another
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 991a, Sentence - Powers of the Court
Discussed at Length
Title 57. Prisons and Reformatories
 Cite
Name
Level

 57 O.S. 515a, Probation - Parole Officers - Supervision Standards
Discussed at Length
 57 O.S. 515, Probation - Parole Officers
Discussed at Length
Title 70. Schools
 Cite
Name
Level

 70 O.S. 3311, Council on Law Enforcement Education and Training
Discussed at Length