2015 OK CR 6

The STATE of Oklahoma, ex rel, E. Scott PRUITT, Attorney General, State of Oklahoma, Petitioner,

v.

The Honorable J. Dwayne STEIDLEY, District Judge, Twelfth Judicial District, Respondent.

Nos. PR–2014–1050, PR–2014–1073.

Court of Criminal Appeals of Oklahoma.

April 22, 2015.

## ORDER GRANTING EXTRAORDINARY RELIEF AND REMANDING MATTERS TO DISTRICT COURT

¶ 1 The Attorney General for the State of Oklahoma, E. Scott Pruitt, has filed two applications for extraordinary writs in this Court, PR 2014–1050 and PR 2014–1073. Both applications seek the same relief from orders issued by the Honorable J. Dwayne Steidley, District Judge, in Rogers County District Court Case No. CF–2013–535, *State of Oklahoma v. Cathryn Coleen Storey* (PR 2014–1050) and Case No. CF–2014–5, *State of Oklahoma v. Ellen Pittser* (PR 2014–1073). The two cases are herewith consolidated for purposes of addressing the issue of whether the Attorney General can appear in the above referenced District Court cases and assume control of the prosecutions pursuant to its authority under Section 18(b)(A)(3) of Title 74.

### Procedural History of PR 2014–1050

¶ 2 On December 12, 2014, the Petitioner, by and through Assistant Attorney General Megan Tilly, filed an emergency application for a stay of the District Judge's order denying the Attorney General the authority to take and assume control of the prosecution in Case No. CF–2013–535 pursuant to 74 O.S. 2011, § 18b(A)(3), a motion for a waiver of the ten-day Rule and a combined application to assume original jurisdiction and petition for a writ of prohibition. The State seeks a writ prohibiting Judge Steidley from enforcing his order prohibiting the Oklahoma Attorney General's Office from taking and assuming control of the prosecution in Case No. CF–2013–535, pursuant to its authority under Section 18(b)(A)(3) and/or its common law authority.

¶ 3 Petitioner filed an entry of appearance in the District Court on behalf of the State of Oklahoma in Case No. CF–2013–535, citing Section 18(b)(A)(3) of Title 74, on November 24, 2014, stating that the Attorney General deemed it advisable and in the best interest of the State of Oklahoma to enter in this matter and take and assume control of the prosecution of the case. Counsel for Defendant Storey, Josh D. Lee, filed an objection on December 2, 2014. In an order filed December 9, 2014, Judge Steidley found that the appearance of the Attorney General in this case is appropriate, but he also found that Case No. CF–2013–535 is not a case provided for in Section 18b(A)(3) in which the Attorney General could take and assume control of the existing prosecution. Judge Steidley based his decision on his finding that the statutory authority for the Attorney General to assume control of a case is restricted to when the Governor or the Legislature requests the appearance of the Attorney General. He set the matter for a Status Conference on December 16, 2014, and on December 11, 2014, he denied the State's motion to stay execution of his order.

¶ 4 In an Order issued by this Court on December 15, 2014, the State's emergency application for a stay was granted and further proceedings were stayed in Case No. CF–2013–535 until further order of this Court. The Respondent, or his designated representative, and the District Attorney for Rogers County, were each directed to file a response to Petitioner's application to this Court. On December 17, 2014, Judge Steidley filed a response to the Attorney General's application for an emergency stay of proceedings.

¶ 5 Josh D. Lee, attorney for the defendant in Case No. CF–2013–535, without application for leave to file a response and without setting forth that he was the designated representative of Respondent, filed a response on January 14, 2015.

¶ 6 On January 15, 2015, the newly elected District Attorney for Rogers County, Matthew J. Ballard, filed a motion to file his response out of time and in the response argued that a change of circumstances rendered the Attorney General's application to

this Court moot and that the basis for intervention no longer existed. In the alternative, the District Attorney requested additional time to properly address the issues set forth in the Attorney General's application. In an Order issued January 28, 2015, the District Attorney's motion to file the response out of time was granted and the District Attorney was granted additional time to file a proper response. The District Attorney's request that this Court render the Attorney General's petition moot was denied.

¶ 7 On January 26, 2015, Petitioner filed a motion to file a reply brief. Petitioner's motion is herewith **GRANTED**. The Clerk of this Court is directed to file the Attorney General's Reply Brief, which is attached to the motion.

¶ 8 Judge Steidley filed an application for leave to respond out of time on February 13, 2015. The Proposed Response was also filed on February 13, 2015. Judge Steidley sets forth that he originally decided to allow the Defendant's Response filed on January 14, 2015, to stand as his response, but subsequently decided that he should also file a response. Judge Steidley's request to file a response out of time is **GRANTED**. Construing Judge Steidley's application as an endorsement of the Defendant's Response, as his designated representative, we will also allow the Defendant's Response to be considered. District Attorney Ballard's Response was filed in this Court on March 2, 2015.

*Procedural History of PR 2014–1073*

¶ 9 On December 22, 2014, the Attorney General, by and through Assistant Attorney General Emily N. Harrelson, filed an application for extraordinary relief from a second order issued by Judge Steidley denying the Attorney General the authority to take and assume control of the prosecution in Case No. CF–2014–5 pursuant to 74 O.S.2011, § 18b (A)(3). In this case, the State also seeks a writ prohibiting Judge Steidley from enforcing his order prohibiting the Attorney General from taking and assuming control of the prosecution pursuant to his authority under Section 18(b)(A)(3). In a Court Minute issued December 11, 2014, Judge Steidley sustained the objection to the Attorney Gen-

eral's prosecution of the case relying upon the authority set out in his response filed in PR–2014–1050.

¶ 10 In an Order issued January 6, 2015, this Court stayed all proceedings in Case No. CF–2014–5 and directed a response from Respondent and from the District Attorney for Rogers County. On January 22, 2015, the attorney for Defendant Pittser, Jack E. Gordon, Jr., without leave and without setting forth that he was the designated representative of Respondent, filed a response to the Attorney General's application. Judge Steidley filed an application for leave to respond out of time in Case No. CF–2014–5 on February 13, 2015. The Proposed Response was also filed on February 13, 2015. Judge Steidley sets forth that he originally decided to allow the Defendant's Response to stand as his response but subsequently decided that he should also file a response. Judge Steidley's request to file a response out of time is **GRANTED**. Construing Judge Steidley's application as an endorsement of the Defendant's Response, as his designated representative, we will also allow the Defendant's Response in Case No. CF–2014–5 to be considered. District Attorney Ballard's Response was filed in this Court on March 2, 2015.

## Decision

■ ¶ 11 The District Attorney argues in his response that the authority of the Attorney General and the District Attorney to appear on behalf of the State is concurrent and that where each public entity has authority, that the Attorney General's authority is not superior to that of the District Attorney. The District Attorney states that there is no inherent conflict between Section 18b of Title 74 and Section 215.4 of Title 19. The District Attorney states that he is in agreement with the Attorney General's intervention as being necessary in these cases, but argues that the Attorney General should not be able to simply remove the District Attorney from a case, and that he believes the trial judge should be allowed to determine the precise parameters of representation in a particular case. Judge Steidley set forth in his December 9, 2014 order that he believes that the

Legislature has not authorized the Attorney General to assume control of litigation in any instance in which he appears. Judge Steidley, along with the attorneys for Defendant Storey and Defendant Pittser, all argue that the Attorney General can only take and assume control of the prosecution at the request of the Governor, the Legislature, or either branch thereof. The responding parties cite to no authority interpreting the statutory language of Section 18b(A)(3) of Title 74 subsequent to the 1995 statutory amendment.

■ ¶ 12 The rules of statutory interpretation are well settled. As set forth in *State v. Stice*, 2012 OK CR 14, ¶ 11, 288 P.3d 247, 250:

> Statutes are to be construed to determine the intent of the Legislature, reconciling provisions, rendering them consistent and giving intelligent effect to each. *Lozoya v. State*, 1996 OK CR 55, ¶ 17, 932 P.2d 22, 28; *State v. Ramsey*, 1993 OK CR 54, ¶ 7, 868 P.2d 709, 711. It is also well established that statutes are to be construed according to the plain and ordinary meaning of their language. *Wallace v. State*, 1997 OK CR 18, ¶ 4, 935 P.2d 366, 369–370; *Virgin v. State*, 1990 OK CR 27, ¶ 7, 792 P.2d 1186, 1188. We also recognize that the fundamental principle of statutory construction is to ascertain and give effect to the intention of the Legislature as expressed in the statute. *Wallace v. State*, 1996 OK CR 8, ¶ 4, 910 P.2d 1084, 1086; *Thomas v. State*, 1965 OK CR 70, ¶ 4, 404 P.2d 71, 73. However, it is not our place to interpret a statute to address a matter the Legislature chose not to address, even if we think that interpretation might produce a reasonable result. *State v. Young*, 1999 OK CR 14, ¶ 27, 989 P.2d 949, 955. "[T]o ascertain the intention of the Legislature in the enactment of [a] statute, we may look to each part of the statute, to other statutes upon the same or relative subjects, to the evils and mischiefs to be remedied, and to the natural or absurd consequences of any particular interpretation." *Lozoya v. State*, 1996 OK CR 55, ¶ 20, 932 P.2d 22, 28 (quotations and citation omitted). Each part of the various

statutes must be given intelligent ·effect. This Court will not presume the Legislature to have done a vain thing. We are mindful that elementary rules of statutory interpretation require us to avoid any statutory construction which would render any part of a statute superfluous or useless. *See, Vilandre v. State,* 2005 OK CR 9, ¶ 5, 113 P.3d 893, 896; *Byrd v. Caswell,* 2001 OK CR 29, ¶ 6, 34 P.3d 647, 648–649. *State v. Doak,* 2007 OK CR 3, ¶ 17, 154 P.3d 84, 87. Where possible the statutory amendments should be reconciled or construed together. *Id.*

¶ 13 Oklahoma law provides a statutory rule for interpreting conflicting statutes where the language of the statutes cannot be reconciled. The latter statute controls. 75 O.S.2011, § 22 ("If the provisions of any code, title, chapter or article conflict with or contravene the provisions of any former code, title, chapter or article, the provisions of the latter code, title, chapter or article must prevail as to all matter and questions arising thereunder out of the same subject matter.")

¶ 14 Reviewing the plain language of Section 18b(A)(3) of Title 74, amended in 1995, setting forth duties of the Attorney General, and Section 215.4 of Title 19, setting forth the duties of District Attorneys, we find that the two statutes are not conflicting. We also find that the latter provisions of Section 18b(A)(3) control.

¶ 15 Title 74 O.S.2011, § 18b (A), sets forth the duties of the Attorney General as the chief law officer of the State. Section 18b(A)(3) directs:

3. To initiate or appear in any action in which the interests of the state or the people of the state are at issue, or to appear at the request of the Governor, the Legislature, or either branch thereof, and prosecute and defend in any court or before any commission, board or officers any cause or proceeding, civil or criminal, in which the state may be a party or interested; and when so appearing in any such cause or proceeding, the Attorney General may, if the Attorney General deems it advisable and to the best interest of the state, take and assume control of the pros-

ecution or defense of the state's interest therein;

Section 18b(A)(3) was amended by the Legislature in 1995. Prior to the 1995 amendment, the statute read:

3. To appear at the request of the Governor, the Legislature, or either branch thereof, and prosecute and defend in any court or before any commission, board or officers any cause or proceeding, civil or criminal, in which the state may be a party or interested; and when so appearing in any such cause or proceeding, he may, if he deems it advisable and to the best interest of the state, take and assume control of the prosecution or defense of the state's interest therein.

¶ 16 As applied to the facts of these two cases, the plain language of this amended statute authorizes the chief law officer of the State, the Attorney General, to initiate or appear in any action in which the interests of the State or the people of the State are at issue. When so appearing, and the Attorney General deems it advisable and to the best interest of the State, the Attorney General may take and assume control of the prosecution or defense of the State's interest. This does not prevent the District Attorney from appearing and prosecuting criminal actions as directed in Section 215.4 of Title 19, but when the Attorney General enters the case pursuant to Section 18b(A)(3) of Title 74, any role by the District Attorney would be subservient to the Attorney General.

¶ 17 For a writ of prohibition, Petitioner must establish: (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch.18, App. (2015). As Judge Steidley's orders prohibiting the Attorney General from taking and assuming control of the prosecution in these cases, pursuant to its authority under 74 O.S.2011, § 18(b)(A)(3), is unauthorized by law, the Attorney General's applications for extraordinary relief are **GRANTED.** The Stays imposed in Case No. CF–2013–535 by

this Court on December 15, 2014, and in Case No. CF–2014–5 on January 6, 2015, are hereby **LIFTED.** The matters are **RE-MANDED** to the District Court for further proceedings consistent with this Order.

¶ 18 **IT IS SO ORDERED.**

/s/ Clancy Smith
CLANCY SMITH, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

/s/ David B. Lewis
DAVID B. LEWIS, Judge