OSCN Found Document:STATE ex rel. PRUITT v. STEIDLEY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. PRUITT v. STEIDLEY
2015 OK CR 6
349 P.3d 554
Case Number: PR-2014-1050
Decided: 04/22/2015
THE STATE OF OKLAHOMA, EX REL, E. SCOTT PRUITT, ATTORNEY GENERAL, STATE OF OKLAHOMA, Petitioner, v. THE HONORABLE J. DWAYNE STEIDLEY, DISTRICT JUDGE, TWELFTH JUDICIAL DISTRICT, Respondent.
Consol. with PR-2014-1073
Cite as: 2015 OK CR 6, 349 P.3d 554

 

 

ORDER GRANTING EXTRAORDINARY RELIEF 
AND
REMANDING MATTERS TO DISTRICT COURT

¶1 The Attorney General for the State of Oklahoma, E. Scott Pruitt, has filed 
two applications for extraordinary writs in this Court, PR 2014-1050 and PR 
2014-1073. Both applications seek the same relief from orders issued by the 
Honorable J. Dwayne Steidley, District Judge, in Rogers County District Court 
Case No. CF-2013-535, State of Oklahoma v. Cathryn Coleen Storey (PR 
2014-1050) and Case No. CF-2014-5, State of Oklahoma v. Ellen Pittser (PR 
2014-1073). The two cases are herewith consolidated for purposes of addressing 
the issue of whether the Attorney General can appear in the above referenced 
District Court cases and assume control of the prosecutions pursuant to its 
authority under Section 18(b)(A)(3) of Title 74.
Procedural History of PR 2014-1050
¶2 On December 12, 2014, the Petitioner, by and through Assistant Attorney 
General Megan Tilly, filed an emergency application for a stay of the District 
Judge's order denying the Attorney General the authority to take and assume 
control of the prosecution in Case No. CF-2013-535 pursuant to 74 O.S.2011, § 18b(A)(3), a motion 
for a waiver of the ten-day Rule and a combined application to assume original 
jurisdiction and petition for a writ of prohibition. The State seeks a writ 
prohibiting Judge Steidley from enforcing his order prohibiting the Oklahoma 
Attorney General's Office from taking and assuming control of the prosecution in 
Case No. CF-2013-535, pursuant to its authority under Section 18(b)(A)(3) and/or 
its common law authority.
¶3 Petitioner filed an entry of appearance in the District Court on behalf of 
the State of Oklahoma in Case No. CF-2013-535, citing Section 18(b)(A)(3) of 
Title 74, on November 24, 2014, stating that the Attorney General deemed it 
advisable and in the best interest of the State of Oklahoma to enter in this 
matter and take and assume control of the prosecution of the case. Counsel for 
Defendant Storey, Josh D. Lee, filed an objection on December 2, 2014. In an 
order filed December 9, 2014, Judge Steidley found that the appearance of the 
Attorney General in this case is appropriate, but he also found that Case No. 
CF-2013-535 is not a case provided for in Section 18b(A)(3) in which the 
Attorney General could take and assume control of the existing prosecution. 
Judge Steidley based his decision on his finding that the statutory authority 
for the Attorney General to assume control of a case is restricted to when the 
Governor or the Legislature requests the appearance of the Attorney General. He 
set the matter for a Status Conference on December 16, 2014, and on December 11, 
2014, he denied the State's motion to stay execution of his order.
¶4 In an Order issued by this Court on December 15, 2014, the State's 
emergency application for a stay was granted and further proceedings were stayed 
in Case No. CF-2013-535 until further order of this Court. The Respondent, or 
his designated representative, and the District Attorney for Rogers County, were 
each directed to file a response to Petitioner's application to this Court. On 
December 17, 2014, Judge Steidley filed a response to the Attorney General's 
application for an emergency stay of proceedings.
¶5 Josh D. Lee, attorney for the defendant in Case No. CF-2013-535, without 
application for leave to file a response and without setting forth that he was 
the designated representative of Respondent, filed a response on January 14, 
2015.
¶6 On January 15, 2015, the newly elected District Attorney for Rogers 
County, Matthew J. Ballard, filed a motion to file his response out of time and 
in the response argued that a change of circumstances rendered the Attorney 
General's application to this Court moot and that the basis for intervention no 
longer existed. In the alternative, the District Attorney requested additional 
time to properly address the issues set forth in the Attorney General's 
application. In an Order issued January 28, 2015, the District Attorney's motion 
to file the response out of time was granted and the District Attorney was 
granted additional time to file a proper response. The District Attorney's 
request that this Court render the Attorney General's petition moot was 
denied.
¶7 On January 26, 2015, Petitioner filed a motion to file a reply brief. 
Petitioner's motion is herewith GRANTED. The Clerk of this Court is 
directed to file the Attorney General's Reply Brief, which is attached to the 
motion.
¶8 Judge Steidley filed an application for leave to respond out of time on 
February 13, 2015. The Proposed Response was also filed on February 13, 2015. 
Judge Steidley sets forth that he originally decided to allow the Defendant's 
Response filed on January 14, 2015, to stand as his response, but subsequently 
decided that he should also file a response. Judge Steidley's request to file a 
response out of time is GRANTED. Construing Judge Steidley's application 
as an endorsement of the Defendant's Response, as his designated representative, 
we will also allow the Defendant's Response to be considered. District Attorney 
Ballard's Response was filed in this Court on March 2, 2015.
Procedural History of PR 2014-1073
¶9 On December 22, 2014, the Attorney General, by and through Assistant 
Attorney General Emily N. Harrelson, filed an application for extraordinary 
relief from a second order issued by Judge Steidley denying the Attorney General 
the authority to take and assume control of the prosecution in Case No. 
CF-2014-5 pursuant to 74 O.S. 2011, 
§ 18b(A)(3). In this case, the State also seeks a writ prohibiting Judge 
Steidley from enforcing his order prohibiting the Attorney General from taking 
and assuming control of the prosecution pursuant to his authority under Section 
18(b)(A)(3). In a Court Minute issued December 11, 2014, Judge Steidley 
sustained the objection to the Attorney General's prosecution of the case 
relying upon the authority set out in his response filed in PR-2014-1050.
¶10 In an Order issued January 6, 2015, this Court stayed all proceedings in 
Case No. CF-2014-5 and directed a response from Respondent and from the District 
Attorney for Rogers County. On January 22, 2015, the attorney for Defendant 
Pittser, Jack E. Gordon, Jr., without leave and without setting forth that he 
was the designated representative of Respondent, filed a response to the 
Attorney General's application. Judge Steidley filed an application for leave to 
respond out of time in Case No. CF-2014-5 on February 13, 2015. The Proposed 
Response was also filed on February 13, 2015. Judge Steidley sets forth that he 
originally decided to allow the Defendant's Response to stand as his response 
but subsequently decided that he should also file a response. Judge Steidley's 
request to file a response out of time is GRANTED. Construing Judge 
Steidley's application as an endorsement of the Defendant's Response, as his 
designated representative, we will also allow the Defendant's Response in Case 
No. CF-2014-5 to be considered. District Attorney Ballard's Response was filed 
in this Court on March 2, 2015.
Decision
¶11 The District Attorney argues in his response that the authority of the 
Attorney General and the District Attorney to appear on behalf of the State is 
concurrent and that where each public entity has authority, that the Attorney 
General's authority is not superior to that of the District Attorney. The 
District Attorney states that there is no inherent conflict between Section 18b 
of Title 74 and Section 215.4 of Title 19. The District Attorney states that he 
is in agreement with the Attorney General's intervention as being necessary in 
these cases, but argues that the Attorney General should not be able to simply 
remove the District Attorney from a case, and that he believes the trial judge 
should be allowed to determine the precise parameters of representation in a 
particular case. Judge Steidley set forth in his December 9, 2014 order that he 
believes that the Legislature has not authorized the Attorney General to assume 
control of litigation in any instance in which he appears. Judge Steidley, along 
with the attorneys for Defendant Storey and Defendant Pittser, all argue that 
the Attorney General can only take and assume control of the prosecution at the 
request of the Governor, the Legislature, or either branch thereof. The 
responding parties cite to no authority interpreting the statutory language of 
Section 18b(A)(3) of Title 74 subsequent to the 1995 statutory amendment.
¶12 The rules of statutory interpretation are well settled. As set forth in 
State v. Stice, 2012 OK CR 
14, ¶ 11, 288 P.3d 247, 
250:

 
 Statutes are to be construed to determine the intent of the Legislature, 
 reconciling provisions, rendering them consistent and giving intelligent 
 effect to each. Lozoya v. State, 1996 OK CR 55, ¶ 17, 932 P.2d 22, 28; State v. 
 Ramsey, 1993 OK CR 54, ¶ 
 7, 868 P.2d 709, 711. It is 
 also well established that statutes are to be construed according to the 
 plain and ordinary meaning of their language. Wallace v. State, 1997 OK CR 18, ¶ 4, 935 P.2d 366, 369-370; Virgin 
 v. State, 1990 OK CR 27, 
 ¶ 7, 792 P.2d 1186, 1188. We 
 also recognize that the fundamental principle of statutory construction is 
 to ascertain and give effect to the intention of the Legislature as 
 expressed in the statute. Wallace v. State, 1996 OK CR 8, ¶ 4, 910 P.2d 1084, 1086; Thomas 
 v. State, 1965 OK CR 70, 
 ¶ 4, 404 P.2d 71, 73. 
 However, it is not our place to interpret a statute to address a matter the 
 Legislature chose not to address, even if we think that interpretation might 
 produce a reasonable result. State v. Young, 1999 OK CR 14, ¶ 27, 989 P.2d 949, 955. "[T]o 
 ascertain the intention of the Legislature in the enactment of [a] statute, 
 we may look to each part of the statute, to other statutes upon the same or 
 relative subjects, to the evils and mischiefs to be remedied, and to the 
 natural or absurd consequences of any particular interpretation." Lozoya 
 v. State, 1996 OK CR 55, 
 ¶ 20, 932 P.2d 22, 28 
 (quotations and citation omitted). Each part of the various statutes must be 
 given intelligent effect. This Court will not presume the Legislature to 
 have done a vain thing. We are mindful that elementary rules of statutory 
 interpretation require us to avoid any statutory construction which would 
 render any part of a statute superfluous or useless. See, Vilandre v. 
 State, 2005 OK CR 9, ¶ 
 5, 113 P.3d 893, 896; 
 Byrd v. Caswell, 2001 OK 
 CR 29, ¶ 6, 34 P.3d 647, 
 648-649. State v. Doak, 2007 OK CR 3, ¶ 17, 154 P.3d 84, 87. Where possible 
 the statutory amendments should be reconciled or construed together. 
 Id.
¶13 Oklahoma law provides a statutory rule for interpreting conflicting 
statutes where the language of the statutes cannot be reconciled. The latter 
statute controls. 75 O.S.2011, § 
22 ("If the provisions of any code, title, chapter or article conflict with 
or contravene the provisions of any former code, title, chapter or article, the 
provisions of the latter code, title, chapter or article must prevail as to all 
matter and questions arising thereunder out of the same subject matter.")
¶14 Reviewing the plain language of Section 18b(A)(3) of Title 74, amended in 
1995, setting forth duties of the Attorney General, and Section 215.4 of Title 
19, setting forth the duties of District Attorneys, we find that the two 
statutes are not conflicting. We also find that the latter provisions of Section 
18b(A)(3) control.
¶15 Title 74 O.S.2011, § 
18b(A), sets forth the duties of the Attorney General as the chief law 
officer of the State. Section 18b(A)(3) directs:

 
 3. To initiate or appear in any action in which the interests of the 
 state or the people of the state are at issue, or to appear at the request 
 of the Governor, the Legislature, or either branch thereof, and prosecute 
 and defend in any court or before any commission, board or officers any 
 cause or proceeding, civil or criminal, in which the state may be a party or 
 interested; and when so appearing in any such cause or proceeding, the 
 Attorney General may, if the Attorney General deems it advisable and to the 
 best interest of the state, take and assume control of the prosecution or 
 defense of the state's interest therein;
Section 18b(A)(3) was amended by the Legislature in 1995. Prior to the 1995 
amendment, the statute read:

 
 3. To appear at the request of the Governor, the Legislature, or either 
 branch thereof, and prosecute and defend in any court or before any 
 commission, board or officers any cause or proceeding, civil or criminal, in 
 which the state may be a party or interested; and when so appearing in any 
 such cause or proceeding, he may, if he deems it advisable and to the best 
 interest of the state, take and assume control of the prosecution or defense 
 of the state's interest therein.
¶16 As applied to the facts of these two cases, the plain language of this 
amended statute authorizes the chief law officer of the State, the Attorney 
General, to initiate or appear in any action in which the interests of the State 
or the people of the State are at issue. When so appearing, and the Attorney 
General deems it advisable and to the best interest of the State, the Attorney 
General may take and assume control of the prosecution or defense of the State's 
interest. This does not prevent the District Attorney from appearing and 
prosecuting criminal actions as directed in Section 215.4 of Title 19, but when 
the Attorney General enters the case pursuant to Section 18b(A)(3) of Title 74, 
any role by the District Attorney would be subservient to the Attorney 
General.
¶17 For a writ of prohibition, Petitioner must establish: (1) a court, 
officer or person has or is about to exercise judicial or quasi-judicial power; 
(2) the exercise of said power is unauthorized by law; and (3) the exercise of 
said power will result in injury for which there is no other adequate remedy. 
Rule 10.6(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, 
Ch.18, App. (2015). As Judge Steidley's orders prohibiting the Attorney General 
from taking and assuming control of the prosecution in these cases, pursuant to 
its authority under 74 O.S.2011, § 
18(b)(A)(3), is unauthorized 
by law, the Attorney General's applications for extraordinary relief are 
GRANTED. The Stays imposed in Case No. CF-2013-535 by this Court on 
December 15, 2014, and in Case No. CF-2014-5 on January 6, 2015, are hereby 
LIFTED. The matters are REMANDED to the District Court for further 
proceedings consistent with this Order.
¶18 IT IS SO ORDERED.
¶19 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 22nd day of 
April, 2015.

/s/CLANCY SMITH, Presiding Judge
/s/GARY L. LUMPKIN, Vice Presiding Judge
/s/ARLENE JOHNSON, Judge
/s/DAVID B. LEWIS, Judge
ATTEST:
/s/Michael S. Richie
Clerk





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1990 OK CR 27, 792 P.2d 1186, VIRGIN v. STATE
Discussed
 1993 OK CR 54, 868 P.2d 709, STATE v. RAMSEY
Discussed
 1996 OK CR 8, 910 P.2d 1084, WALLACE v. STATE
Discussed
 1996 OK CR 55, 932 P.2d 22, Benjamin Lozoya v. State
Discussed at Length
 2001 OK CR 29, 34 P.3d 647, 72 OBJ 3083, BYRD v. CASWELL
Discussed
 2005 OK CR 9, 113 P.3d 893, VILANDRE v. STATE
Discussed
 2007 OK CR 3, 154 P.3d 84, STATE v. DISTRICT COURT OF OKLAHOMA COUNTY
Discussed
 2012 OK CR 14, 288 P.3d 247, STATE v. STICE
Discussed
 1965 OK CR 70, 404 P.2d 71, THOMAS v. STATE
Discussed
 1997 OK CR 18, 935 P.2d 366, Wallace v. State
Discussed
 1999 OK CR 14, 989 P.2d 949, 70 OBJ 1076, State v. Young
Discussed
Title 74. State Government
 Cite
Name
Level

 74 O.S. 18b, Duties of Attorney General - Counsel of Corporation Commission as Representative on Appeal From Commission
Discussed at Length
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 22, Conflicting Provisions
Cited